ROBERT E. NELSON, *Administrator, &c.*, v. GEORGE HERKEL, *Administrator, &c.*

DEATH OF DEBTOR—*Suspension of Statute.* Not only must there be a person to sue, but a cause of action cannot accrue or exist unless there is a person in being against whom an action can be brought and the right of action enforced. *Held*, Therefore, that the death of the debtor operates to suspend the statute of limitations until an administrator is appointed. (*Toby v. Allen*, 3 Kas. 399.)

### Error from Nemaha District Court.

ACTION upon a promissory note, brought by *George Herkel*, as administrator of the estate of Catharine Herkel, deceased, against *Robert E. Nelson*, as administrator of the estate of Sarah J. Northrup, deceased. Trial by the court at the October Term, 1882, and judgment for plaintiff for $1,365.76, with 12 per cent. interest thereon from January 10, 1882. This judgment defendant brings here for review. The opinion states the facts.

*Taylor & Bassett*, for plaintiff in error.

*Conwell & Clawson*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action upon a promissory note, dated October 13, 1873, for $700, due six months from date, with 12 per cent. interest from date, executed by J. C. Hebbard to John W. Owens or order. Sarah J. Northrup wrote her name on the back thereof before delivery, as a surety. Owens transferred, by delivery, the note to his sister, Catharine Herkel, who died March 28, 1882. The note became due April 16, 1874. Sarah J. Northrup died October 19, 1876. No administration was had upon her estate until July 9, 1881, when Robert E. Nelson, plaintiff in error, was appointed and qualified as such administrator. Sarah J. Northrup continued to reside in Nemaha county, in this state, from the execution of the note until her death. George Herkel, defendant in error, was appointed and quali-

fied as administrator of the estate of Catharine Herkel, deceased. The note, with affidavit annexed, was filed as a claim against the estate of Sarah J. Northrup, deceased, on September 15, 1881, in the probate court of Nemaha county, and the administrator notified of the presentation of the claim. It was allowed by the probate court of that county against the estate, from which order the plaintiff in error appealed to the district court of Nemaha county. Upon the hearing of the appeal, the order of the probate court was sustained, and judgment rendered accordingly.

It is conceded that if the time intervening between the death of Sarah J. Northrup and the appointment of Robert E. Nelson as administrator of her estate is not to be computed as any part of the period within which the action must be brought, the statute of limitations had not run at the presentation of the claim, and therefore that the judgment was properly rendered.

It is the contention of the plaintiff in error, however, that the statute of limitations began to run in the lifetime of Sarah J. Northrup, and having begun to run in her lifetime, its running was not suspended from the time of her death until the appointment of the administrator of her estate. The doctrine is well settled in this state to be the other way. Not only must there be a person to sue, but the cause of action cannot accrue or exist unless there is a person *in esse*, against whom an action can be brought, and the right of action enforced. It is therefore held, that the death of the debtor operates to suspend the statute of limitations until an administrator is appointed. (*Toby v. Allen*, 3 Kas. 399; *Hanson v. Towle*, 19 id. 273. See also *Whitney v. State*, 52 Miss. 732; *Briggs v. Thomas*, 32 Vt. 170; *Etter v. Finn*, 12 Ark. 632.)

Owing to the death of Sarah J. Northrup, and the non-appointment of the administrator until July 9, 1881, the note was not barred on September 15, 1881, at the time of the commencement of this action.

The judgment of the district court must therefore be affirmed.

All the Justices concurring.