**SHAWNEE NAT. BANK v. MARLER, Adm'x, et al.**

No. 14986—Opinion Filed Oct. 14, 1924.

Rehearing Denied Feb. 3, 1925.

**1. Limitation of Actions—Suspension of Bar — Subsequent Disability to Sue—Laches of Creditor.**

In the absence of express statute or controlling adjudications to the contrary, when the statute of limitations has once begun to run, its operation is not suspended by a subsequent disability to sue; and the bar of the statute cannot be postponed by the failure of the creditor to avail himself of any means within his power to prosecute or to preserve his claim.

**2. Courts—County Courts—Probate Jurisdiction.**

The county court shall transact all business appertaining to the estate of deceased persons including the sale, settlement, partition, and distribution of the estate thereof.

**3. Limitation of Actions—Payment of Interest on Note—Unauthorized Credit by Bank from Deposit of Estate.**

The application of funds deposited in a bank belonging to the estate of a decedent to the payment of interest on notes given by the deceased and the widow by the bank on its own motion is unauthorized, and is not such a payment as will toll the statute of limitations or prevent it from running.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by Shawnee National Bank against Sarah F. VanZant Marler, as administratrix of the estate of R. E. L. VanZant, and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Abernathy & Howell, for plaintiff in error.

Goode & Dierker, for defendants in error.

Opinion by JONES, C. This action was instituted in the superior court of Pottawatomie county on the 3rd day of January, 1922, by the appellant, plaintiff in the trial court, against appellees, defendants in the trial court, seeking to recover on three separate causes of action. The first cause of action is based on a note executed by R. E. L. VanZant and Sarah F. VanZant on the 15th day of May, 1913, due December 15, 1913, secured by real estate mortgage, duly executed by the makers of the note. R. E. L. VanZant died on the 18th day of November, 1913, and Sarah F.

Van Zant was appointed administratrix of the estate of R. E. L. VanZant, deceased, on the 31st day of January, 1917, and in the cause of action, Sarah F. VanZant is sued as administratrix of the estate of R. E. L. VanZant, and individually, and Goldie Reavis, nee VanZant, Newton VanZant, and Emma VanZant, heirs of the said R. E. L. VanZant, deceased, are made parties defendant. Plaintiff prays judgment against all of said defendants, and for foreclosure of mortgage securing payment of said note.

And for second cause of action plaintiff seeks to recover on a certain note executed by Sarah F. VanZant on March 27, 1915, due on the 15th day of July, 1915, and for foreclosure of a certain real estate mortgage executed by said Sarah F. VanZant, as a part and parcel of said transaction, securing said note.

And for third cause of action plaintiff seeks to recover on a certain note, duly executed by Sarah F. VanZant on the 15th day of June, 1916, due on the 15th day of September, 1916, secured by real estate mortgage, duly executed by said Sarah F. Van Zant, securing the payment of said note.

Plaintiff further duly alleges that all of said notes are past due, and that due demands have been made, etc., copies of said note and mortgage securing same are attached as exhibits to plaintiff's petition, and constitute a part thereof.

After service of summons on all defendants named Mark Goode was appointed guardian ad litem for the defendants Newton and Emma VanZant, minors.

And the defendant Sarah F. VanZant, now Marler, files her answer and generally denies all of the allegations of plaintiff's petition, except such as are admitted, and sets forth various defenses to each and every cause of action, as alleged by plaintiff, and specifically pleads the statute of limitation as a bar to plaintiff's right to recover, as against each cause of action, and avers that this defendant has made no payment on either of said notes within five years of the date plaintiff's cause of action arose, and that no authority was given, authorizing payments, and that no agreement has been made which would toll the statute.

Sarah F. VanZant, now Marler, also files her answer as the administratrix of the estate of R. E. L. VanZant, deceased, and cross-petition in which she generally denies all of the allegations of plaintiff's petition, except such as are admitted, and sets forth the various defenses to each cause of action,

and specifically pleads the statute of limitation as a bar to plaintiff's right to recover as to each and every cause of action. And in her cross-petition, the defendant Sarah F. VanZant, as the administratrix of the estate of R. E. L. VanZant, deceased, alleges that the plaintiff bank has converted large sums of money and the proceeds of personal property belonging to said estate, taken over and sold by plaintiff without authority of law, and prays judgment for the value thereof for the benefit of the estate.

The other defendants, Goldie Reavis, nee VanZant, and the minor defendants, through their guardian ad litem, filed answers similar in substance to that filed by the defendant Sarah F. VanZant. Plaintiff filed its reply to each and all of the answers and cross-petition, and specifically denied all of the matters set up as a defense by the minor defendants.

The pleadings in the case are very voluminous, but we think the statement made is sufficient for the purpose of this opinion. Upon the issues thus joined the case came on for trial before the judge and jury on the 5th day of April, 1923, and resulted in the following verdict:

"We the jury, empaneled and sworn in the above entitled case, do, upon our oath, find for the defendant."

The court sustained a demurrer to the evidence offered by administratrix on her cross-petition, and the only issue submitted to the jury was that of the statute of limitation. Plaintiff filed its motion for a new trial, which was duly overruled, whereupon it prosecutes this appeal, and sets forth various specifications of error.

The only proposition presented, however, is that of the statute of limitations. Appellant cites section 1242, Comp. Stat. 1921, which is as follows:

"No holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor or administrator."

And section 1243, Comp. Stat. 1921, reads as follows:

"The time during which there shall be a vacancy in the administration, must not be included in any limitation herein prescribed."

And cites the case of Nelson, Administrator, v. Herkel, 30 Kan. 456, 2 Pac. 110, wherein the court held:

"Not only must there be a person to sue, but a cause of action cannot accrue or exist unless there is a person in being, against whom an action can be brought and the right of action enforced. Held, therefore, that the death of the debtor operates to suspend the statute of limitations until an administrator is appointed."

This was an action on a promissory note, and no administratrix was appointed for more than five years after the maturity of the note, and after the death of the indorser on the note, sought to be held liable. And also cites the case of In re Bullard's Estate, 116 Cal. 355, 48 Pac. 219. This was a suit on a note secured by real estate mortgage, as in the case at bar, and the California court announces a rule in keeping with the rule followed by the Kansas court, to the effect that under the California statute the—

"Limitation does not begin to run against an action on a claim against a decedent who died before its maturity, when no administration exists on his estate at the time the cause of action accrues. * * *"

Other cases are cited in support of this rule. Both appellant and appellees call attention to section 1234, Comp. Stat. 1921, and call special attention to the following portion of same:

"Provided, further, that nothing in this section, nor in this chapter contained, shall be construed to prohibit the right or limit the time of foreclosure of mortgages upon real property of decedents, but every such mortgage may be foreclosed within the time and in the mode prescribed in Civil Procedure, except that no balance of the debt secured by such mortgage remaining unpaid after foreclosure shall be a claim against the estate, unless such debt was presented as required by this Code."

Appellant contends that the only distinction in the Oklahoma and California Codes is that the California statute requires an express waiver as against any other property of the estate, while the Oklahoma statute automatically operates as a waiver by reason of its provisions, but, construing the Oklahoma statute in the light of other sections of our Code, we see a marked distinction. Section 1141, Comp. Stat. 1921, which provides who are entitled to letters of administration and the order in which preference is given, and the eighth subdivision provides, "The creditors". And section 1143 provides for the manner of appointment of creditors. And the section immediately following lays down the procedure for making the appointment. Section 1148 limits the time to 30 days in which contest may be filed by persons deeming themselves to have a superior right to the appointment than he who has been appointed. Section 1178 provides for the appointment of a special administrator and is as follows:

"When there is delay in granting letters testamentary, or of administration, from any cause, or when such letters are granted irregularly, or no sufficient bond is filed as required or when no application is made for such letters, or when an administrator or executor dies or is suspended or removed, the judge of the county court must appoint a special administrator to collect and take charge of the estate of the decedent, in whatever county or counties the same may be found, and to exercise such other powers as may be necessary for the preservation of the estate."

And the sections of the Code immediately following provide the procedure for making the appointment. The provisions of the law taken in their entirety, conclusively show that there is no necessity for any delay in the appointment of an administrator of the estate of a decedent which would cause or permit the statute of limitations to run, and under the law creditors are specifically authorized to protect themselves against such a contingency, and the law makes it the imperative duty of the court to act, when necessary, and in the absence of any action on the part of those interested.

Section 1234 makes special provisions for creditors, such as we are here dealing with, who hold mortgages securing the indebtedness, and so far as the record discloses, the claims here in controversy were never presented to the administratrix for allowance, or filed with the county court as required by law, and necessarily must follow the procedure and their remedy as prescribed by section 1234, and might have proceeded at any time to foreclose the mortgages against the estate.

Appellant also calls attention to section 1243, Comp. Stat. 1921, which provides that:

"The time during which there shall be a vacancy in the administration must not be included in any limitation herein prescribed."

And the case of In re Jameson's Estate, 74 Okla. 286, 182 Pac. 518, is cited as construing same, and from an examination of which it is clear that the statute means nothing more than it literally expresses, and deals solely with a vacancy in the administration, and not in a delay to appoint. So we are inclined to the opinion that the authorities relied on by appellant are not controlling in this jurisdiction, and that the failure to appoint an administrator does not toll the statute of limitations, nor prevent it from running.

Appellees call attention to the case of Nelson v. Herkel, 30 Kan. 456, supra, also cited by appellant, wherein that court said:

"Under the provisions of the statutes of this state, a creditor of a decedent, having a claim which he wishes to establish against the estate, may, if the widow or next of kin refuse to take out letters of administration, obtain letters for himself or some other person, after fifty days from the death of decedent; and he cannot, without any good cause or reason therefor, defer making such application until the statute of limitations has run and then claim that all of the time from death of the debtor to the appointment of the administrator the statute of limitations is suspended on account of the nonappointment of such administrator. If a creditor would save his claim against the estate of a decedent from the bar of the statute, he must exercise reasonable diligence, if the widow or next of kin refuse to take out letters of administration, to obtain administration for himself or some other person." (Bauserman v. Charlott (Kan.) 26 Pac. 1051.

The Kansas statute evidently, contains some provisions not found in our statute, but the rule announced, and reasoning supporting same, is applicable, and our statutes on the same subject clearly justify the application of the rule. The case of Bauserman v. Blunt, 147 U. S. 647, 37 Law Ed. 316 (Kansas case), is cited, wherein the court said:

"In the absence of express statute or controlling adjudication to the contrary, when the statute of limitations has once begun to run, its operation is not suspended by a subsequent disability to sue; and the bar of the statute cannot be postponed by the failure of the creditor to avail himself of any means within his power to prosecute or to preserve his claim."

And while the Kansas court has held that the death of the debtor suspends the operation of the statute of limitations, it is only for a reasonable length of time, and not for an unwarranted and indefinite length of time.

The second question raised, which is also one of limitation, is that of whether or not the credit or indorsement on the notes in question, was such payment and acknowledgement of the indebtedness as would prevent the statute from running, and in this connection appellant complains of the eighth instruction given by the court, which is as follows:

"You are instructed that a depositor in a bank will be presumed to know the methods followed by the bank in handling his business extending over a period of years, and you are further instructed that if the customer does not object to the method of handling the business between himself and the bank, then you may take that fact into consideration in determining whether or not the defendant in this action consented to or rat-

ified the indorsements made on the notes sued on, and if you find and believe from the evidence that the bank had been charging the checking account with the amounts necessary to extend her notes, and with the credit on her notes in payment of principal and that such method had existed during the period covered by said transactions between the defendant and the bank, the defendant will be presumed to have knowledge of such method of handling, and if you find and believe from the evidence in this case that the plaintiff did on or about the 7th day of December, 1916, charge against the checking account of the defendant in said bank, the sums as alleged in the evidence on behalf of the plaintiff, with her knowledge, consent or subsequent ratification, as to extension, then in that event you are instructed that the notes were extended to a period within the statute of limitations, and your verdict should be for the plaintiff. Given. Plaintiff excepts, Abernathy & Howell, Attys. for Plaintiff. Exception"

—and specially complains of that portion of the instruction which advises the jury that the payment made must have been made with the knowledge, consent, or subsequent ratification, as to extension, and takes the position that this constitutes reversible error in this case for the reason that the payment of the interest in and of itself operated as a matter of law to prevent the statute of limitations from applying for a period of five years from the date of the payments. And in support of this contention cites section 191, Comp. Stat. 1921, as follows:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt, or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

And cites the case of American Surety Company of New York v. Steel, 84 Okla. 166, 203 Pac. 1043, construing same. From an examination of that authority and others cited, it is obvious that the statute of limitation may be tolled, but it is also clear that there must be an express declaration, admission, or agreement, clear and unequivocal, or it may be tolled by payment of interest or part of the principal, the payment must be made in a legitimate manner, and by some one duly authorized to make it, and out of a fund legally available for such purposes.

Many authorities are cited on this ques-

tion, both by appellant and appellees, but we think the facts as disclosed by the record are decisive of the matter. The record discloses by the testimony of J. B. Jones, an active officer of the plaintiff bank, when being questioned about the credits or indorsement appearing on the different notes sued on, and when asked as to the source of the funds used by the bank to make such credits, the following:

"Now, Mr. Jones, do you know the source from which this money came that you used there and charged Mrs. VanZant with? Mr. Abernathy: Objected to as incompetent, irrelevant and immaterial. A. It came from the ledger. She had to her credit. Q. What source did it come from? You know what I mean. A. I think possibly that was proceeds from a sale of live stock. A well, and other stuff. Q. And farming utensils that was the sale of the live stock and farming implements covered by the chattel mortgage given by R. E. L. VanZant as part security for this note, for the note for $3,416 that was included in the $11,000.00 real estate mortgage, wasn't it? A. Some of it. General mixture, you know, of stuff. Q. General mixture, where was it mixed from? A. Might not have been under the mortgage. Q. Now that was livestock and implements that VanZant owned when he died? A. Some of it and some had accumulated. Q. That was the natural increase? A. Yes. Q. And that was used to pay these charge slips? A. Yes, sir. Q. You took that money and paid interest and principal upon notes executed by Sarah F. VanZant individually, didn't you? A. Yes, sir, and the other note also. Q. You knew at the time, didn't you that that sale money belonged to the estate of R. E. L. VanZant? A. No, sir. Q. You did not? A. It wasn't altogether. Q. How much was there that wasn't? A. I could not tell. Q. Was there any single item that did not belong to it? Mr. Abernathy: Objected to as calling for a conclusion. The Court: Overruled. Mr. Abernathy: Exception. A. I could not say what item, there was a whole lot of stuff accumulated since Mr. VanZant's death. Q. What? A. Well, there was some cattle and corn and stuff raised since his death. Q. As a matter of fact you know the corn she sold separately and never put the money in the bank. A. I don't know, there was some sold as well as I remember. I could not tell exactly when everything was sold. It could not be all Mr. VanZant raised because he had been dead a little while when that sale took place."

This evidence conclusively shows, in our judgment, that the funds used by the bank and credited on the notes were unquestionably funds derived from the estate of R. E. L. VanZant, deceased, and before the appointment of the administratrix for said es-

tate, and the sale of the personal property by the bank of which the fund was the proceeds was not authorized, and is in direct violation of the provisions of the Constitution (section 13, article 7), which is in part as follows:

"The county court shall * * * transact all business appertaining to the estates of deceased persons * * * including the sale, settlement, partition and distribution of the estates thereof. * * *"

Section 6361, Rev. Laws 1910, provides:

"No sale of any property of an estate of a decedent is valid unless made under order of the county court, except as otherwise hereinafter provided. All sales must be reported under oath and confirmed by the county court, before the title to the property sold passes"

—which has been construed in the case of Jones v. Wheeler et al., 23 Okla. 771, 101 Pac. 1112. And the application of the proceeds or fund was clearly unauthorized and in violation of law, and the application of same, either to the note given by R. E. L. Van Zant and wife during his lifetime or the notes given by Mrs. VanZant could not have been authorized by anyone prior to the appointment of the administratrix, and such payments are wholly insufficient to toll the statute of limitation or to prevent same from running. The instructions complained of and the instructions in their entirety are far more favorable to plaintiff than it was entitled to. The funds from which the bank drew upon to make the payment, we regard as the decisive issue in this case, and presents a question so primary in its nature that we deem a further discussion or citation of authorities unnecessary.

And while we do not approve of the instruction given, the conclusion reached by the jury was correct. and the complaint made by appellant is without merit, so we therefore recommend that the cause be affirmed.

By the Court: It is so ordered.