## ROBITAILLE, Adm'r, v. MUMAUGH.

No. 21804.    Feb. 13, 1934.

E. Robitaille, for plaintiff in error.

F. W Church, for defendant in error.

OSBORN, J.  Florence Mumaugh sued E. Robitaille, administrator of the estate of Alfred Mudeater, deceased, in the district court of Ottawa county on a claim for services rendered to the deceased, Alfred Mudeater, as housekeeper and nurse. The trial court rendered judgment for plaintiff in the sum of $270, and defendant has appealed. The parties will be referred to as they appeared in the trial court.

Defendant contends that the plaintiff's claim is barred by the statute of limitations. It is agreed that the three-year limitation, provided in subdivision 2, sec. 185, C. O. S. 1921 (sec. 101, O. S. 1931), is applicable. The last service rendered by plaintiff to deceased was on August 7, 1926. Mudeater died on July 19, 1929, and defendant was appointed administrator on September 5, 1929. Notice to creditors was published and posted on September 23, 1929. Plaintiff's claim was presented and disallowed November 29, 1929, and this action was filed February 10, 1930. It is noted that the three-year period of limitation expired subsequent to the death of deceased and prior to the appointment of the administrator.

It has been announced as a general rule that, where a cause of action accrues against a person in his lifetime, his death does not suspend the running of the statute of limitation until administration is taken out. 37 C. J. sec. 446, p. 1037; 24 C. J. sec. 1954, p. 784; 17 R. C. L. sec. 211, p. 850; Bancroft's Probate Practice, vol. 3, par. 833, p. 1464.

In this case, however, we are dealing with a well-defined exception to said rule.

Our court has not been called upon to pass upon the exact question presented herein. The Supreme Court of Kansas, however, has dealt with this problem in numerous cases. The general rule was first announced in the early case of Bauserman v. Charlott, 46 Kan. 480, 26 P. 1051, in which it was said that the death of a debtor operated to suspend the statute of limitations for a reasonable time only. It was pointed out that a creditor should not gain an advantage by his own laches or delay; that the law required reasonable diligence on his part, and, if an administrator was not appointed within the time fixed by law, it was the duty of the creditor to take steps to procure the appointment of an administrator in order that his claim might be properly disposed of. This case was appealed to the Supreme Court of the United States (Bauserman v. Blunt, 147 U. S. 647, 13 S.

Ct., 466, 37 L. Ed. 316). The doctrine announced by the Kansas court was approved in the following language:

"That decision was evidently deliberately considered and carefully stated, with the purpose of finally putting at rest a question on which some doubt had existed; it is supported by satisfactory reasons, and is in accord with well-settled principles; and there is no previous adjudication of that court to the contrary. In every point of view, therefore, it should be accepted by this court as conclusively settling that the operation of the statute of limitations of Kansas is suspended after the death of the debtor for the 50 days only, during which the creditor could not apply for the appointment of an administrator, or, at most, for a reasonable time after the expiration of the 50 days."

In the case of Alice E. Mining Co. v. Blauden, 136 Fed. 252, it is said:

"The statute of limitations does not, in terms, provide that the death of a debtor after a cause of action against him has accrued shall suspend the running thereof; and in support of the demurrer the rule is invoked that, when the period of limitations has once commenced to run, it will not be suspended, except where the statute itself so provides. That such is the general rule may be conceded, but there are exceptions to it. Statutes of limitations are based upon the presumption that one having a legal claim will not delay enforcing it beyond a reasonable time, if he has the power ·to bring suit upon it. Such reasonable time is therefore fixed and allowed. But the basis of the presumption is gone whenever the right or ability to resort to the courts or to bring action does not exist. In such cases the creditor has not the time within which to bring his suit that the statute has given him, and the time that he is so prevented from suing upon his claim will not be included in computing the period of limitation. Hanger v. Abbott, 6 Wall. 532, 18 L. Ed. 939; U. S. v. Wiley, 11 Wall. 508, 20 L. Ed. 211; Braun v. Sauerwein, 10 Wall. 218, 19 L. Ed. 895. In the foregoing and other cases the creditor was prevented from suing either because the courts were closed by reason of war or by operation of law, but in Bauserman v. Blunt, 147 U. S. 652, 13 Sup. Ct. 466, 37 L. Ed. 316, it was held that the rule was applicable where the creditor was prevented from suing by reason of the death of his debtor (no administration upon his estate having been granted), and the creditor, by reason of the local law, was prevented from procuring the appointment of such administrator for a specified time; and it was held that during such time the running of the statute of limitations was arrested, though the statute itself did not so provide."

The case of Bauserman v. Charlott has

been followed by the Supreme Court of Kansas in the following cases: Culp v. Culp, 51 Kan. 341, 32 P. 1118; First Nat. Bank of Atchison v. King, 60 Kan. 733, 57 P. 952; Black v. Elliott, 63 Kan. 211, 65 P. 215; Robertson v. Tarry, 83 Kan. 716, 112 P. 603; In re Hoover's Estate, 104 Kan. 635, 180 P. 275; Clark v. Eaton (Kan.) 201 P. 71.

The rule as announced in the more recent case of Timmonds v. Messner (Kan.) 200 P. 270, is as follows:

"The death of a debtor does not suspend the operation of the statute longer than to give the creditor a reasonable time and opportunity to procure the appointment of an administrator of the deceased debtor's estate."

In the case of Shawnee Nat. Bank v. Marler, 106 Okla. 71, 233 P. 209, an action was brought against the administratrix of the estate of R. E. L. Van Zant to foreclose a real estate mortgage given to secure a note due December 15, 1913. Van Zant died November 18, 1913. The administratrix was appointed January 31, 1917, and the action was filed on January 3, 1922. This court held that the action was barred by the statute of limitations and approved the reasoning of the Kansas cases above cited and Bauserman v. Blunt, supra. It was further pointed out that under our statute, section 1175, O. S. 1931 (sec. 1178, C. O. S. 1921), a creditor is entitled to procure the appointment of an administrator if the appointment thereof is unnecessarily delayed, and that in the event the appointment is not made within a reasonable time the exercise of due diligence required that a creditor should take the necessary action to secure the appointment of an administrator. We approve the prior holding of this court due to the fact that in that case more than three years had elapsed from the date of death of the debtor until the appointment of the administratrix, and there was a further delay of nearly five years in the filing of an action.

In the instant case, the administrator was appointed within a reasonable time after the death of the debtor. The claim was presented within the statutory period of time and suit was filed thereon within the time fixed by statute (sec. 1239, O. S. 1931). There is no lack of diligence shown on behalf of plaintiff, and this case comes squarely within the exception to the general rule.

Defendant also contends that the trial court erred in permitting plaintiff to testify under the provisions of section 588, C. O. S. 1921 (sec. 271, O. S. 1931), which

provides that no party to a civil action shall be allowed to testify in his own behalf in respect to a transaction or communication had with a deceased person. We have examined the record and find that the testimony of plaintiff was limited strictly to a recital of the services performed and a reasonable value thereof. No testimony was offered relating to a transaction or communication had with the deceased.

Other contentions are made by the parties which are purely technical and without merit.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL and ANDREWS, JJ., concur.