### GRIFFIN v. HANNAN, Adm'r.

No. 28888.    Sept. 12, 1939.

Ledbetter & Ledbetter, for plaintiff in error.

A. A. Kelley, for defendant in error.

CORN, J. This is an appeal from an order of the district court of Marshall county sustaining a demurrer to plaintiff in error's amended petition. The parties will hereafter be referred to as plaintiff and defendant, respectively.

Plaintiff, a resident of Texas, brought this action in an effort to recover for money advanced and services rendered to one Lem Elbert Combee. Plaintiff alleged that during 1920 and 1921, Combee resided with him and during this period became indebted to plaintiff in the sum of $1,025, no part of which had ever been paid. Combee, a war veteran, died December 8, 1922, leaving no estate of any kind.

In 1930, Congress passed an act authorizing suits to be filed in behalf of the estate of war veterans in the name of the administrator. Letters of administration were issued to defendant on January 11, 1932, and suit was filed in federal court by him in behalf of Combee's estate. In that action defendant recovered a judgment which was affirmed by the Circuit Court of Appeals, and thereafter $4,471.65 was paid to defendant as administrator for the estate, and he then filed an inventory with the probate court of Marshall county and gave notice to creditors.

Plaintiff presented his itemized claim, which was rejected by both the administrator and the county court. Plaintiff then brought this action, alleging the money so received was subject to payment of deceased's debts, and setting up that the reason he had not taken out letters of administration himself was because investigation revealed the deceased had left no estate of any kind.

To the petition, which alleged substantially the above-stated facts, defendant demurred, on the grounds said claim showed on its face to be barred by the statute of limitations. The trial court sustained the demurrer, and plaintiff elected to stand on his

petition and appeal from the order of the trial court sustaining the demurrer and dismissing the action.

The sole question presented for determination is whether plaintiff's claim was barred by the statute of limitations. Plaintiff admits that section 101, O. S. 1931, 12 Okla. St. Ann. § 95, is the governing statute. However, plaintiff contends the demurrer admitted Combee died leaving no estate, and since none came into existence until the money was paid to defendant by the government in 1936, his cause of action did not accrue until that time. Plaintiff urges that before he could sue it was necessary: (1) That he be capable of suing; (2) that there be a person capable of being sued. Further, before an administrator could be appointed, there had to be: (a) A deceased person; (b) an estate left by deceased.

By reason of the foregoing plaintiff contends the statute of limitations had not run, since the statute does not begin to run until an administrator was appointed and the property came into the estate, and the demurrer admitted no estate came into existence until November, 1936.

Section 101, O. S. 1931, provides, in part, as follows:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: * * * Second: Within three years: an action upon a contract express or implied, not in writing; an action upon a liability created by statute, other than a forfeiture or penalty."

To sustain his contention plaintiff urges that suit could not have been brought until there was an administrator appointed for the estate, and that no administrator could have been appointed until there was property in existence over which an administrator could have had control. Thus, plaintiff says the statute of limitations did not begin to run until a cause of action accrued, and no cause of action accrued until this money was paid over to defendant. As authority for his position plaintiff relies upon Patterson v. Bonner, 73 Okla. 224, 175 P. 826, and Broadwell v. Board of County Com'rs, 88 Okla. 147, 211 P. 1040, announcing the general rule that the statute begins to run only when a cause of action accrues, the testimony being to ascertain when the plaintiff could first maintain his action.

Although recognizing the correctness of the rule as announced by the cited cases, we cannot hold such rule applicable to facts in the case at bar. Section 1135, O. S. 1931, 58 Okla. St. Ann. § 122, provides that the administration of the estate of a person who dies intestate must be granted to some one or more of persons enumerated, and the eighth subdivision of this section of the statute provides for granting of administration to the creditors.

Plaintiff contends that since deceased left no estate, a creditor could not have obtained letters of administration, there being no estate in existence.

11 R. C. L. section 81, p. 84, states:

"* * * Assets constitute a jurisdictional fact only in the absence of legal residence in the county. A probate court has jurisdiction to grant administration of the estate of a person who at the time of his decease was an inhabitant or resident in the county, without proof that he left an estate to be administered in the county." Citing Connors v. Cunard Steamship Co., 204 Mass. 310, 26 L. R. A. (N. S.) 171.

23 C. J. sec. 31, p. 1008, states:

"While it has been broadly asserted that in order to render administration upon the estate of a decedent proper, the decedent must have died possessed of some assets or property, this cannot be held to be established beyond dispute where administration is sought in the domicile of the decedent, although there is no doubt that assets within the jurisdiction are ordinarily necessary when administration is sought elsewhere than in the domicile."

In Wolf et al. v. Gills et al., 96 Okla. 6, 219 P. 350, this court declared that jurisdiction of the estate of a deceased citizen is based, not upon the existence of assets, but upon domicile in the county, and that therefore it is not necessary that there be assets in order for an administrator to be appointed. This rule has been uniformly followed by this court. See Hardridge v. Hardridge, 168 Okla. 7, 31 P.2d 597, and Okfuskey v. Corbin, 170 Okla. 449, 40 P.2d 1064.

Had deceased died intestate with an expectation of an estate and no administrator had been appointed, plaintiff would undoubtedly have been the first to have declared his right to institute proceedings as a creditor of the deceased. If deceased had died as the result of an accident giving rise to an action for damages for wrongful death, an administrator could have been appointed, although there was no estate in existence when the appointment was sought.

Thus it conclusively appears plaintiff might have exercised his right and brought administration proceedings. Nor do we deem of any force plaintiff's argument that it would have been pointless to have taken out letters of administration, presented his claim and then, if disallowed, sued out his judg-

ment and kept same alive for the intervening years.

Plaintiff cites In re Lincoln v. Herndon, 141 Okla. 212, 285 P. 120, and In re Carter's Estate, 113 Okla. 182, 240 P. 727. The latter case holding that where it is clearly shown the estate of deceased amounts to nothing, there being no other reason for appointment of an administrator, it is not an abuse of discretion for the court to refuse to appoint an administrator.

However, we direct particular attention to the case of Shawnee National Bank v. Marler, Adm'x, et al., 106 Okla. 71, 233 P. 207 (1924), paragraph 1 of the syllabus reading as follows:

"In the absence of express statute or controlling adjudications to the contrary, when the statute of limitations has once begun to run, its operation is not suspended by a subsequent disability to sue; and the bar of the statute cannot be postponed by the failure of the creditor to avail himself of any means within his power to prosecute or to preserve his claim."

Furthermore, in the body of the opinion, at page 73, the court said that the authorities (which announced the rule substantially contended for by plaintiff in the case at bar) cited by appellant were not controlling in this jurisdiction, *and the failure to appoint an administrator does not toll the statute of limitations,* nor *prevent it from running.*

The principle enunciated in the Marler Case, supra, was recognized in the comparatively recent case of Robitaille, Adm'r, v. Mumaugh, 167 Okla. 339, 29 P.2d 602, cited and relied upon by plaintiff sustaining his contention here. In this case it is stated:

"It has been announced as a general rule that, where a cause of action accrues against a person in his lifetime, his death does not suspend the running of the statute of limitations until administration is taken out. 37 C. J. section 446, p. 1037; 24 C. J. sec. 1954, p. 784; 17 R. C. L. sec. 211, p. 850; Bancroft's Probate Practice, vol. 3, par. 833, p. 1464."

Thereafter is a discussion of the exception to the rule, into which class the Robitaille Case fell, and at the same time approved the prior holding of this court in the Marler Case, supra.

Bancroft's Probate Practice, vol. 3, sec. 833, p. 1464, states:

"Where, as in most states, creditors have an absolute right to apply for letters and to compel their issuance, in the absence of some statute to the contrary there is no reason why the general statute of limitations should not run after death of a debtor. * * *" (Citing Shawnee National Bank v. Marler, supra.)

Particular attention is directed to the case of Bauserman v. Charlott (Kan.) 26 P. 1051, cited with approval in Robitaille v. Mumaugh, supra. Therein the Kansas court stated a creditor should not be allowed to gain an advantage by his own laches or delay, and when he has a cause of action, it is his own fault if he fails to avail himself of the means provided by law for prosecuting his claim or instituting proper proceedings.

In the case at bar nearly a year elapsed between the time deceased left plaintiff's home until his death December 8, 1922. Fourteen years' time elapsed and the defendant recovered certain monies due the estate. Thereupon plaintiff appears and asks the courts to hold secure for him a right which accrued to him in 1921. We find no error in the action of the trial court in sustaining the defendant's demurrer to plaintiff's petition.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur.