GENTRY v. MITCHELL.

No. 35235.   Dec. 2, 1952.

*250 P. 2d 856.*

R. D. Miller, Hollis, and Robinson & Oden, Altus, for plaintiff in error.

Ross Cox, Hollis, for defendant in error.

BINGAMAN. J.   This is an action by Lottie Gentry, administratrix of the estate of Mary Goodson Kloskey, deceased, against C. A. Mitchell, administrator of the estate of Frank Kloskey, deceased, to recover damages because of an alleged conversion of certain funds belonging to the estate of Mary Kloskey, deceased.

Plaintiff in her amended petition, in substance, alleged: Mary Kloskey died on November 17, 1945, and an administratrix was appointed for her estate on the 26th day of August, 1950. Frank Kloskey, her husband, died October 17, 1949, and shortly thereafter an administrator was appointed for his estate; that Frank Kloskey during his lifetime, and on or about November 19, 1945, and after the death of Mary Kloskey, converted to his own use and benefit cash in the sum of $7,500 which was in the possession of Mary Kloskey at the time of her death and that on November 27, 1945, Frank Kloskey transferred from Mary Kloskey's account in the First State Bank & Trust Company of Hollis to his account the sum of $2,219.53, making a total conversion in the sum of $9,719.53. Plaintiff in her petition pleads 58 O.S. 1951 §292, and asks damages in double the amount of the items alleged to have been converted.

Defendant demurred to plaintiff's amended petition on the ground that it showed upon its face that plaintiff's cause of action was barred by limitation. The trial court sustained the demurrer and entered judgment dismissing plaintiff's cause of action.

The parties agree that the applicable statute is 12 O.S. 1951 §95, subd. 3, providing that an action in conversion must be brought within two years after the date of the alleged conversion or it will be barred unless the statute is tolled or suspended. Plaintiff contends that the statute of limitations would not begin to run until the death of Frank Kloskey, on October 17, 1949, for the reason that he had the first right to be appointed administrator of his wife's estate and could not sue himself, and that while he lived the assertion of that right by him would prevent the appointment of any other party as administrator. We are unable to agree with this contention.

In Shawnee National Bank v. Marler, 106 Okla. 71, 233 P. 207, we held that if an administrator of the estate of a deceased debtor was not appointed within a reasonable time, the exercise of due diligence required that a creditor should take the necessary action to secure the appointment of the administrator, and that the statute of limitation was suspended for a reasonable time only, or for such time as was necessary to procure the appointment of an administrator. In that case the debtor died and no administrator was appointed for his estate for more than three years, and suit was not brought by the creditor until five years after his death. The court held that the action was barred by the statute of limitation. To the same effect are Robitaille v. Mumaugh, 167 Okla. 339, 29 P. 2d 602, and Griffin v. Hannan, 185 Okla. 433, 93 P. 2d 1078. We see no reason why the same rule would not apply in the instant case where the estate was the creditor, and the heirs of the deceased interested in the recovery of the fund converted by the husband of deceased.

In so far as the question of right of the husband to be appointed administrator is concerned, we see no reason why that should postpone the operation of the statute of limitation. If the husband, upon petition for appointment of an administrator being filed, asserted his right and was appointed, the heirs of the deceased wife, by proceeding under 58 O.S. 1951 §§541 and 546, inclusive, could, upon showing that the money belonged to the estate of deceased, have the husband removed and a special administrator appointed to bring suit on the account in a court of competent jurisdiction. We pointed out the operation of this statute in Re Kelly's Estate, 132 Okla. 21, 269 P. 282, in which we said that upon the filing of objections to an account rendered by the administrator on the ground that a certain fund belonging to the estate had not been accounted for, the probate court had jurisdiction to hear such objections and determine whether the account belonged to the estate and if it found that there were good grounds for belief that the money converted was

an asset of the estate, it was then its duty to remove or suspend the administrator and appoint a special administrator to bring suit to collect the same. This case was cited with approval in Re Jones' Estate, 195 Okla. 168, 155 P. 2d 980, and in several other decisions of this court.

In the instant case the petition alleges that Mary Kloskey died on November 17, 1945; that the conversion by her husband occurred in November, 1945, and that no administrator of her estate was appointed until August, 1950. This action was commenced on January 24, 1951, more than five years after the alleged conversion of the money. The trial court did not err in holding that the action was barred by the statute of limitations and in sustaining the demurrer of defendant to plaintiff's amended petition.

Affirmed.

HALLEY, V.C.J., and CORN, GIBSON, DAVISON, JOHNSON, and O'-NEAL, JJ., concur.