Charles C. CHESNUT, as Administrator of the Estate of Charles H. Charloe, Deceased, Plaintiff in Error,

v.

Elmer McGINNIS, Defendant in Error.

No. 42196.

Supreme Court of Oklahoma.

April 7, 1970.

C. D. Northcutt, of Northcutt, Northcutt & Jackman, Ponca City, for plaintiff in error.

J. R. Hall, Jr., Miami, for defendant in error.

McINERNEY, Justice.

Elmer McGinnis (Plaintiff) brought an action for damages against Charles C. Chesnut, administrator of the estate of Charles H. Charloe (Defendant) for injuries sustained in an automobile collision on October 6, 1957. Charloe lost his life in the accident. Charles C. Chesnut was appointed administrator on August 24, 1959. The petition was filed on December 16, 1959, seventy days after the limitation period had run and one hundred fourteen days after the appointment of the administrator. The defendant answered by pleading the statute of limitations, 12 O.S.1961, § 95, subd. 3. The trial court rendered judgment for the plaintiff. An earlier appeal in this cause, No. 40507, was remanded to the trial court on the joint application of the parties. A second amended petition was then filed and the case proceeded to judgment on the later petition and the stipulation of the parties.

Defendant contends that plaintiff's cause of action is barred by the statute of limitations. The two year limitation provided in 12 O.S.1961, § 95, subd. 3, is controlling. Plaintiff, an adult suffering no legal disability or incompetency, contends that the statute of limitations is suspended for a reasonable time until after the appointment of an administrator, and that seventy days from the appointment of defendant is reasonable, citing Robitaille v. Mumaugh, 167 Okl. 339, 29 P.2d 602 (1934).

The general rule in Oklahoma is that where a cause of action accrues and a creditor may himself apply for the appointment of a representative to administer the deceased's estate, the statute of limitations is not suspended pending the administration of the estate. Shawnee National Bank v. Marler, 106 Okl. 71, 233 P. 207 (1925); Griffin v. Hannan, 185 Okl. 433, 93 P.2d 1078 (1939); Gentry v. Mitchell, 207 Okl. 488, 250 P.2d 856 (1952); 174 A. L.R. 1425. The cause of action accrued on October 6, 1957. Plaintiff, as a creditor of the estate, was entitled to apply for administration of the estate on that date and thereafter. 58 O.S.1961, § 122. Plaintiff's failure to institute proceedings to administer the estate for an unreasonable length of time will not suspend the statute of limitations. The appointment of an administrator approximately one year and ten months after the cause of action has accrued will not extend, under these circumstances, the statutory limitation period.

In *Robitaille,* the cause of action accrued during the lifetime of the deceased, who later died approximately thirty-one days before the end of the limitation period. The court noted that the facts in *Robitaille* brought the limitation controlling the filing of the cause of action within a well-defined exception to the general rule. Under the facts and circumstances present in *Robitaille,* the creditor is given a reasonable time after the death of the debtor to procure administration of the estate. Otherwise, due to a necessary delay in the procuring of the appointment of an administrator, the creditor would not have the benefit of the entire limitation period. Diligence by the creditor is required to invoke the exception. We adhere to the exception announced in *Robitaille.*

The general rule, not the exception, is applicable to this case. The two-year statute of limitations, § 95, subd. 3, controls this cause of action. The two-year period is not suspended when administration of the estate

of a deceased tort-feasor is available to a creditor and is not diligently invoked within a reasonable time.

The judgment is reversed and remanded with directions to enter judgment for the defendant.

All the Justices concur.