Gibson J. BEAL, individually, and Wife, Juanita Beal, Special Administratrix of the Estate of June McCann, Deceased, and in her individual capacity; Tracy Maddox; Shelly Maddox; Stacy Percell; and Melanie Wilson, Appellants,

v.

Beryl R. McCANN, M.D.; Robert Everett Engles, M.D.; Dennis Huggins and Greg Seay, Individually, and d/b/a Medical Center Pharmacy; Charles Ellexson, Individually and d/b/a Swinney Drug Co.; Swinney Drug Co.; Durant H.M.A., Inc., d/b/a Medical Center of Southeastern Oklahoma, an Oklahoma Corporation; and Medical Center of Southeastern Oklahoma, Appellees.

No. 85001.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 19, 1995.

Certiorari Denied Jan. 23, 1996.

Jack G. Kennedy, Kennedy, Minshew, Campbell & Morris, Sherman, Texas, Emmanuel E. Edem, Norman, Edem, McNaughton & Wallace, Oklahoma City, for Appellants.

George F. Short, Steven T. Horton, Short, Wiggins, Margo & Adler, Oklahoma City, for Appellee, Beryl R. McCann, M.D.

Calvin W. Hendrickson, Russell Hendrickson, Pierce, Couch, Hendrickson, Baysinger & Green, Oklahoma City, for Appellee, Robert Everett Engles, M.D.

Douglas J. Shelton, John R. Shelton, Shelton Law Firm, Oklahoma City, for Appellees, Dennis Huggins, Greg Seay and Medical Center Pharmacy.

John R. Paul, Richards, Paul, Richards & Siegel, Tulsa, for Appellees, Durant H.M.A., Inc. d/b/a Medical Center of Southeastern Oklahoma and Medical Center of Southeastern Oklahoma.

## MEMORANDUM OPINION

JOPLIN, Judge:

Gibson J. Beal, individually, and his wife, Juanita Beal, individually and as Special Administratrix of the Estate of June McCann, Deceased, and Tracy Maddox, Shelly Maddox, Stacy Percell, and Melanie Wilson (Appellants) seek review of the trial court's order denying Appellants' motions for new trial after the trial court dismissed as time-barred their cause of action against Beryl R. McCann, M.D., Robert Everett Engles, M.D., Dennis Huggins individually and d/b/a Medical Center Pharmacy, Charles Ellexson, individually and d/b/a Swinney Drug Company, Swinney Drug Company, Durant H.M.A., Inc. d/b/a Medical Center of Southeastern Oklahoma, and Medical Center of Southeastern Oklahoma (collectively Appellees, or by name) and granted summary judgment to Greg Seay in Appellants' wrongful death action following the demise of June McCann (Decedent).[1] We find the action timely filed, and reverse and remand for further proceedings.

Following Decedent's marriage to Appellee Beryl McCann in 1987, the individual Appellants suspected Decedent's addiction to certain drugs prescribed for her by McCann. Decedent died in June of 1991; thereafter, Appellants—especially Juanita Beal—suspected McCann's complicity in Decedent's death. Consequently, Appellants made numerous inquiries through various agencies and certain individuals in order to gather sufficient information to demonstrate McCann's culpability. Appellants' efforts resulted in a grand jury investigation which ultimately indicted McCann on charges of murder in the second degree in December 1992.

Upon reading the transcript of the grand jury proceedings, Appellants alleged they became aware of the possibility of a civil action against Appellees for wrongful death arising from Decedent's demise and filed such an action in February 1993 as Decedent's next of kin. In January 1994, Juanita Beal filed a petition for appointment as special administratrix of Decedent's estate. After approximately nine months of legal maneuvering, Juanita Beal obtained appointment as special administratrix for the sole purpose of pursuing a civil claim against Appellees on behalf of Decedent's estate. In August 1994, Juanita Beal attempted to amend the February 1993 petition to substitute herself as proper party plaintiff in her capacity as special administratrix of Decedent's estate.

---

1. Decedent was the wife of Appellee Beryl R. McCann, daughter of Appellants Gibson J. Beal and Juanita Beal, and mother of Appellants Tracy Maddox, Shelly Maddox, Stacy Percell and Melanie Wilson.

Appellees filed motions to strike/dismiss and for summary judgment, alleging, *inter alia*, bar by the statute of limitations. The trial court agreed, granting Greg Seay's motion for summary judgment and dismissing the action as to the remaining Appellees. Appellants filed a motion and an amended motion for new trial which the trial court denied. The matter now stands submitted for accelerated appellate review on the trial court record under Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp.1993, Ch. 15, App. 2.

An action for wrongful death may be brought by the personal representative of the decedent's estate, 12 O.S.1991 § 1053, the surviving spouse if no personal representative has been appointed, or the next of kin if there is no surviving spouse. 12 O.S.1991 § 1054. This statutory "enumeration of parties eligible to sue is intended to address a purely administrative concern—multiplicity of suits." *Weeks v. The Cessna Aircraft Co.*, 895 P.2d 731, 734 (Okla.App.1994).[2] These administrative requirements do not override the *substantive* right of recovery of potential beneficiaries. *Weeks*, 895 P.2d at 735.

Therefore, timely filing by any of the three parties enumerated by statute will properly commence a wrongful death action. If the party filing did not have the *preeminent* right to prosecute the action pursuant to 12 O.S.1991, §§ 1053 and 1054, that party should be substituted by the real party in interest pursuant to 12 O.S.1991 § 2017.[3] Stated otherwise, where the interests of the defendant[s] are protected from multiple suits, substitution of parties should be allowed, and such substitution relates back to

the filing of the original action. *Weeks*, 895 P.2d at 735.

Thus, although Appellants as next of kin were not the proper parties to bring suit in February 1993 (Decedent having left a surviving spouse—McCann), the February 1993 filing nevertheless properly invoked the jurisdiction of the trial court. Accordingly, while the other next-of-kin Appellants are not proper parties to press the wrongful death claim, Juanita Beal as special administratrix of Decedent's estate should be allowed substitution as the real party in interest on the wrongful death claim. *Weeks*, 895 P.2d at 735. Such substitution being proper, and the original suit having been brought within the two year statute of limitations,[4] the trial court's orders denying the motions for new trial and dismissing the wrongful death action of Juanita Beal as special administratrix of Decedent's estate should be reversed and the matter remanded for further proceedings.[5]

The order of the trial court dismissing Juanita Beal's wrongful death claim in her capacity of special administratrix is therefore REVERSED and the cause REMANDED for further proceedings.

CARL B. JONES, P.J., concurs.

GARRETT, C.J., concurs by reason of stare decisis.

---

**2.** *Weeks* was given precedential value by the Oklahoma Supreme Court in 1995. As such, the pronouncements therein are controlling in this case.

**3.** 12 O.S.1991, § 2017 provides, in pertinent part, as follows:

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have

the same effect as if the action had been commenced in the name of the real party in interest.

**4.** 12 O.S.1991 § 1053 (two year statute of limitations for action based on wrongful death). See, also, 76 O.S.1991 § 18 (two year statute of limitations for injury or death against physician, health care provider, or hospital); 12 O.S.1991 § 95 (Third) (two year statute of limitations applied to tort actions).

**5.** Having so held, we find it unnecessary to address the other allegations of error.