1998 OK CIV APP 173

**Bobby Lynn STONE, II, and Kathleen Stone, individually, and as parents and next friend of Brittany Stone, a minor child, Appellants,**

v.

**ESTATE OF Andrea SIGMAN, deceased, Appellee.**

**No. 91,510.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Sept. 15, 1998.

Rehearing Denied Nov. 2, 1998.

Karen J. Leonard, Wyatt, Austin & Associates, Ada, Oklahoma, for Appellants.

Gerald E. Durbin, II, Durbin, Larimore & Bialick, Oklahoma City, Oklahoma, for Appellee.

## OPINION

RAPP, J.

¶1 The trial court plaintiffs, Bobby Lynn Stone, II, and Kathleen Stone, individually and as next friend of Brittany Stone, a minor ("Plaintiffs"), appeal the decision in favor of the defendant, Estate of Andrea Sigman ("Defendant"), dismissing their petition.

### I. *Background.*

¶2 The parties do not dispute the facts leading to the dismissal order. On March 10, 1998, the Stones filed a petition in which they alleged that Andrea Sigman was guilty of negligent conduct in an automobile accident that occurred on March 15, 1996. The caption of the Petition listed "Estate of Andrea Sigman" as the defendant. However, the body of the petition did not mention that Andrea Sigman was deceased or make any allegations concerning existence of or proceedings for appointment of a personal representative for Andrea Sigman. The Stones stated, in a response to the defendant Estate of Sigman's motion to dismiss, that Andrea Sigman was killed in the automobile accident that is the subject of the lawsuit.

¶3 The record reflects that a summons was issued April 3, 1998, directed to Debra Sigman. The Plaintiffs' trial briefs state that Debra Sigman is Andrea Sigman's mother. The Estate's responses do not contest this assertion but point out that she has not been appointed personal representative. The summons was to be served by mail but the return receipt was signed by a "Pat Williams" on April 7, 1998. Plaintiffs do not claim that this constitutes service on Andrea Sigman, Debra Sigman, or the Estate of Andrea Sigman.

¶4 On April 9, 1998, a "Special Appearance And Motion To Dismiss" was filed on behalf of the "Estate of Sigman." The Motion raised the statute of limitations and contended that neither the Plaintiffs, or any other person, had instituted administration proceedings for the estate of Andrea Sigman or to have a personal representative appointed. However, "lack of capacity to be sued" was not specially raised, as a ground for dismissal, in this motion. *See* 12 O.S.1991, §§ 2009(A), 2012(B)(9). Instead, the Defendant's contention was that "lack of capacity to be sued" was an element of the argument that the statute of limitations barred the claim because a lawsuit had not been timely filed or commenced against an entity or person who could be sued.

¶5 The Plaintiffs filed a response to the Defendant's motion to dismiss on April 27, 1998, which essentially admitted the status of

the case and the sequence of procedural events. In this response, Plaintiffs stated that they were simultaneously initiating proceedings, as creditors, to have Debra Sigman, or some proper person, appointed special administrator of the estate of Andrea Sigman.[1] Thereafter, in a supplemental response, Plaintiffs argued the statute of limitations was tolled pending appointment of a personal representative. They further argued that when the personal representative was appointed and named in the lawsuit, an amended petition would relate back and cure the statute of limitations issue.

¶ 6 The trial court entered an order, filed May 29, 1998, dismissing the action. The Plaintiffs appeal.

## II. Standard of Review.

¶ 7 A correct characterization of the trial court proceedings must here precede the selection of the standard of review. Although the Defendant's procedural mechanism employed was styled as a motion to dismiss, the grounds and procedures set forth in Section 2012 of Title 12 were not employed. In addition, the trial court's order of dismissal did not afford Plaintiffs an opportunity to amend and, in that light, is in the nature of an order sustaining a motion for summary judgment. See 12 O.S.1991, § 2012(G).

¶ 8 Furthermore, the decision to dismiss was grounded upon the statute of limitations which is an affirmative defense.[2] 12 O.S. 1991, § 2008(C)(18). The trial court had before it and considered the statements of fact from the parties that were contained in the motion to dismiss, responses, and supplemental briefs. The trial court necessarily treated the statements as stipulations in view of the absence of dispute. In addition to the stipulations, the trial court was presented with the summons to Debra Sigman, along with the return, and the copies of the pleading, order and notice relating to the appointment of a personal representative for Andrea Sigman.

¶ 9 Even though the presentation of these statements and materials did not conform to the procedure for summary judgment under Rule 13, nevertheless, procedurally the case evolved into a motion for summary judgment because the trial court did consider matters outside the pleadings in order to resolve the questions presented. 12 O.S.1991, § 2012(B). The Defendant's proceedings actually sought summary judgment based upon the affirmative defense of expiration of the statute of limitations. The Defendant asserts the estate lacked capacity to be sued and, before the case was filed against a party capable of being sued, the statute of limitations had expired. Alternatively, the Defendant urges a defense that appointment of a personal representative and naming of that person in the lawsuit would not relate back, as a matter of law, to the original filing and "cure" the lack of capacity issue so that the case would have been commenced within the limitation period.

¶ 10 The appellate standard of review in summary judgment is *de novo*. This means without deference. *Hulett v. First National Bank & Trust Company In Clinton*, 1998 OK 21, 956 P.2d 879; *Neil Acquisition, L.L.C. v. Wingrod Investment Corporation*, 1996 OK 125, 932 P.2d 1100; see *Salve Regina College v. Russell*, 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991). The

---

1. Attached to the response were unfiled copies of a petition for appointment, an order and a notice of hearing. No other documentation showing commencement of an administration proceeding appears in the appellate record. Standing alone these instruments would be insufficient to establish that fact. How-ever, a subsequent filing in support of the motion to dismiss appears to acknowledge that such a proceeding was instituted. Nevertheless, the appellate record also indicates that as of May 14, 1998, no appointment of personal representative had been made. The trial court sustained the motion to dismiss on May 21, 1998.

2. The statute of limitations is not an enumerated basis for a motion to dismiss unless the issue would come within the general "failure to state a claim" ground. Here, the petition, as all agree, was filed before the time expired. The substance of the petition does not suggest a statute of limitations issue. Therefore, the petition, on its face, states a claim.

pleadings and evidentiary materials will be examined to determine what facts are material and whether there is a substantial controversy as to one material fact. *Malson v. Palmer Broadcasting Group,* 1997 OK 42, 936 P.2d 940. All inferences and conclusions to be drawn from the materials must be viewed in a light most favorable to the non-moving party. *Carmichael v. Beller,* 1996 OK 48, 914 P.2d 1051. Even though the facts may be uncontroverted, if reasonable persons may draw different conclusions from these facts summary judgment must be denied. *Bird v. Coleman,* 1997 OK 44, 939 P.2d 1123. Summary judgment is proper only if the record reveals uncontroverted material facts failing to support any legitimate inference in favor of the nonmoving party. *N.C. Corff Partnership, Ltd. v. OXY, USA,* 1996 OK CIV APP 92, 929 P.2d 288. When genuine issues of material fact exist, summary judgment should be denied and the question becomes one for determination by the trier of fact. *Brown v. Oklahoma State Bank & Trust Co. of Vinita,* 1993 OK 117, 860 P.2d 230; *Flowers v. Stanley,* 1957 OK 237, 316 P.2d 840.

¶ 11 The Plaintiffs are not required to negate the Defendant's claims or theories in order to prevail on motion for summary judgment because the Defendant bears the burden of proof for the affirmative defense of statute of limitations.

### III. *Analysis and Review.*

¶ 12 A civil action for damages from negligence "can only be *brought* " within two years after the cause of action accrued. 12 O.S.1991, § 95(3). An action is "commenced" when a petition is filed. 12 O.S.1991, § 2003. The date of filing the action is the date of commencement of the action for all purposes, including the statute of limitations. *In re John Deere 4030 Tractor,* 1991 OK 79, ¶ 7, 816 P.2d 1126, 1129 fn. 1; *see* Committee

Comments to Section 2003, 12 O.S.A.1991, § 2003.

¶ 13 The Estate's premise is that because the caption named the Estate then it was the Estate, a nonentity, that was sued.[3] In an *in personam* action, a trial court obtains no jurisdiction for purposes of trial or judgment until a party defendant is brought into court who actually legally exists and is legally capable of being sued. 59 Am.Jur.2d *Parties* § 42. Those having capacity to be sued are enumerated in the Pleading Code and an estate is not one of those listed. 12 O.S.1991, § 2017(B). Thus, while this Court would agree that an estate is not an entity, this conclusion does not resolve the case here because the body of the petition contains allegations of negligence against a person, Andrea Sigman, all occurring prior to the expiration of the statute of limitations. Form 9, Petition For Negligence, 12 O.S. 1991, § 2027. A pleading is judged by its content rather than its title. 12 O.S.1991, §§ 2008(A), 2010; *Hulsey v. Mid–America Preferred Insurance Co.,* 1989 OK 107, 777 P.2d 932 fn. 14; *Horizons, Inc. v. Keo Leasing Co.,* 1984 OK 24, ¶ 4, 681 P.2d 757, 759; *Amarex v. Baker,* 1982 OK 155, ¶ 18, 655 P.2d 1040, 1043. Thus, in the beginning the action was one against Andrea Sigman and not an estate.[4]

¶ 14 The Defendant's motion interjects the fact that Andrea Sigman is deceased. The Stones' responses not only acknowledge that fact but add that the date of death was the same as the date on which their claim accrued, that is, the date of the automobile accident. This now presents the fundamental issue before us, what, if any, is the legal effect of the Plaintiffs' failure to obtain a personal representative of the Andrea Sigman Estate before the expiration of the statute of limitations.

¶ 15 The statute of limitations is not tolled simply because the defendant is de-

3. Also a conveyance to an estate is insufficient because an estate is not an entity capable of taking title. Oklahoma Title Examination Standards 17.1, 16 O.S. Ch. 1, App.

4. The *content* of a pleading is specified in 12 O.S.1991, § 2008. The *form* of the pleading is specified in 12 O.S.1991, § 2010.

ceased. *Chesnut v. McGinnis,* 1970 OK 64, 467 P.2d 500. There, the injury occurred in 1957 and the personal representative was appointed in 1959, but before the statute barred the action. However, the plaintiff filed the case after the statute barred the claim and maintained, unsuccessfully, that the statute was suspended pending the appointment. The Plaintiffs here, unlike the plaintiff in *Chesnut,* filed before the claim had expired. The Plaintiffs' filing commenced the case for the purposes of the statute of limitations under Section 2003 of Title 12.[5] Therefore, the Plaintiffs do not need to argue for a suspension of the time period and the result in *Chesnut* is inapplicable here.

¶ 16   Moreover, in *Chesnut,* the Court recognized that circumstances may arise that give a plaintiff a reasonable time after a death to obtain an appointment. In such instances, a plaintiff would be held to a standard of due diligence. Thus, in *Robitaille v. Mumaugh,* 167 Okla. 339, 29 P.2d 602 (1934), the defendant died 31 days before the time for suit expired. In order to have the full benefit of the two-year period, the plaintiff was afforded a reasonable time to obtain an appointment of a personal representative.

¶ 17   The Plaintiffs are entitled to the full two-year period to "commence" their case.[6] The Pleading Code requires only that a petition be filed to commence a case for statute of limitations purposes. Although a personal representative is necessary in order to proceed with trial and judgment, an appointment of a representative is not specified as a prerequisite to the "commencement" of an action. 12 O.S.1991, § 2003.

¶ 18   Further, the legal effect of naming the personal representative in the action when appointed is to substitute a proper party for the deceased person with relation back to the original petition. When an action is commenced by a party not hav-

ing the right or capacity to sue, substitution of the proper party is liberally permitted when the cause of action is unchanged and the substituted party bears some relationship to the original party. *Weeks v. Cessna Aircraft Company,* 1995 OK CIV APP 171, 895 P.2d 731. The timely filing of an action by the wrong party may be corrected by substitution of the correct party after expiration of the statute of limitations. *Beal v. McCann,* 1995 OK CIV APP 118, 910 P.2d 1099; *see Price v. Estate of Anderson,* 522 S.W.2d 690 (Tex.1975), treating the issue naming the estate, as a correctable misnomer and holding that a timely filing interrupted the statute of limitations. *See also Pitts and Kreidler–Ashcraft Funeral Directors, Inc. v. Ashcraft,* 586 S.W.2d 685, 698 (Tex.Civ.App.1979), wherein the court ruled that naming an estate was a mistake of law that could be corrected.

¶ 19   Permitting the substitution of the personal representative to relate back is consistent with the liberality afforded for amendments. 12 O.S.1991, § 2015(A). Furthermore, under the facts here relation back of the substituted personal representative would be in conformity with the Pleading Code. 12 O.S.1991, § 2015(C)(3).

¶ 20   Likewise, this result will be consistent with the function of the statute of limitations. The statute of limitations extinguishes the remedy for a cause of action. It does not extinguish the cause of action itself. *Samuel Roberts Noble Foundation, Inc. v. Vick,* 1992 OK 140, 840 P.2d 619; *In re John Deere 4030 Tractor,* 1991 OK 79, 816 P.2d 1126. The commencement of the action stops the running of the statute of limitations so that the party may seek the remedy for the cause of action. *In re John Deere 4030 Tractor,* 1991 OK 79, ¶ 7, 816 P.2d 1126, 1129 fn. 1.

### IV. *Conclusion.*

¶ 21   The trial court erred in its grant of the Defendant's motion to dismiss for the

---

5.   *Chesnut v. McGinnis* was decided before the adoption of the Pleading Code.

6.   The shortened limitations arising from notice to creditors in probate did not come into play here.

reasons herein stated. The Plaintiffs, on remand, are to be permitted to amend their timely petition to name the personal representative of Andrea Sigman. This substitution will relate back to the original petition assuming the cause of action does not change.

¶ 22 The trial court decision dismissing the Plaintiffs' petition on the basis of the application of the statute of limitations is REVERSED and the case is REMANDED FOR FURTHER PROCEEDINGS.

¶ 23 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

STUBBLEFIELD, P.J., and REIF, J., concur.