The syllabus in case No. 17799, King v. Hepburn, 121 Okla. 275, 249 Pac. 924, this day decided, is hereby referred to and is adopted as the syllabus herein.

Original action filed in Supreme Court of the State of Oklahoma by W. T. Bowling for writ of certiorari against James Hepburn, District Judge of Okmulgee County. Writ sustained.

E. H. Foster, for petitioner.

A. N. Boatman, Co. Atty., and C. M. Gordon, Asst. Co. Atty., for respondent.

HUNT, C. This case is identical with No. 17799, King v. Hepburn, this day decided, 121 Okla. 275, 249 Pac. 924, and reference is hereby made to said case, and the opinion in same is hereby adopted as the opinion in this case.

## KING v. HEPBURN, Dist. Judge.

No. 17799—Opinion Filed Oct. 5, 1926.

(Syllabus.)

1. **Certiorari — Jurisdiction of Supreme Court—Vacating Orders of Inferior Court.**

Paragraph No. 1 of the syllabus in No. 17793, Barnett v. Hepburn, 121 Okla. 268, 249 Pac. 921, this day decided, is hereby referred to and adopted as the first paragraph of the syllabus herein.

2. **Officers — Guardian or Administrator not Public Officer Subject to Removal by Grand Jury Accusation.**

A guardian or administrator is not a public officer, and therefore not subject to removal by grand jury accusation in the manner provided by sections 2394 to 2405, C. O. S. 1921.

3. **Same—Procedure for Removal Provided in Probate Code.**

The county courts of this state have exclusive jurisdiction and control of probate proceedings subject only to the right of appeal to the district court, and ample provision is made in our Probate Code for the removal of guardians and administrators who have been derelict in their duty or unfaithful to their trust.

Original action filed in the Supreme Court of the State of Oklahoma by Tom King for writ of certiorari against James Hepburn, District Judge of Okmulgee County. Writ sustained.

Arthur H. McLain and E. H. Foster, for petitioner.

A. N. Boatman, Co. Atty., and C. M. Gordon, Asst. Co. Atty., for respondent.

HUNT, C. This is an original action filed in this court by Tom King, of Okmulgee county, seeking a writ of certiorari against James Hepburn, district judge of Okmulgee county. Same was filed at the same time and likewise briefed along with case No. 17793, Barnett v. Hepburn, 121 Okla. 268, 259 Pac. 921; 17797, Swan v. Hepburn, 121 Okla. 277, 249 Pac. 923; and 17798, Jones v. Hepburn, 121 Okla. 276, 249 Pac. 924; this day decided. The facts as to the procedure followed in this case are identical with those in the cases above cited, and therefore, upon the authority of said cases, the writ sought herein will have to be sustained. However, there is a further and additional reason why the writ herein prayed for must be sustained; the additional question presented herein being whether or not a guardian or administrator is an of-

ficer within the contemplation of sections 2394 to 2405, C. O. S. 1921, inclusive, being the general removal act under which the proceedings herein were had.

Contention is made by petitioner that as such guardian and administrator he is not such an officer as the act above mentioned refers to, and further that the county court of Okmulgee county has exclusive jurisdiction and control of these probate proceedings, and the district court of Okmulgee county was wholly without jurisdiction to make any orders concerning him as such guardian and administrator or affecting said probate estates or either of them. This contention is abundantly supported by the authorities. Respondent herein conceded his lack of jurisdiction to suspend petitioner as such guardian and administrator and entered an order vacating his order of suspension, holding, as it appears in the record:

"That he had no jurisdiction in this case except to order the transfer to the probate court"

—and he thereupon entered his order accordingly. This action on the part of respondent was wholly without authority of law, and therefore illegal for the following reasons:

A guardian or administrator is not a public officer, and therefore not subject to removal by grand jury accusation in the manner provided by sections 2394 to 2405, C. O. S. 1921. The county courts of 'this state have exclusive jurisdiction and control of probate proceedings subject only to the right of appeal to the district court, and ample provision is made in our Probate Code for the removal of guardians and administrators who have been derelict in their duty or unfaithful to their trust.

We are therefore of the opinion, and so hold, that the only jurisdiction respondent, as judge of the district court of Okmulgee county, had herein was to enter his order dismissing the proceedings upon the lack of jurisdiction in the district court being called to his attention. It therefore follows that the district court of Okmulgee county was wholly without jurisdiction, either of the subject-matter herein or the person of the accused, and the writ as prayed for herein is sustained, and the order of respondent herein as judge of the district court of Okmulgee county purporting to transfer this proceeding to the county court of Okmulgee county is vacated and set aside.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, PHELPS, LESTER, CLARK, and RILEY, JJ., concur.

Note.—See under (2) 23 C. J. p. 1119, §299 (Anno); 28 C. J. p. 1105, §140 (Anno) 29 Cyc. p. 1364. (3) 15 C. J. pp. 1004, 1005, §418; 23 C. J. p. 1119, §§299, 301; 28 C. J. p. 1105, §151.