### BATCHELDER v. KNECTTLE.

No. 26369. May 19, 1936.

Rehearing Denied June 16, 1936.

Second Petition for Rehearing Denied June 30, 1936.

H. A. Johnson, for plaintiff in error.

Charles Swindall, for defendant in error.

PER CURIAM. In this cause defendant in error, being plaintiff below, invoked the authority of the trial court, sitting in equity, to vacate and set aside an alleged incompetent's death-bed deed, asking like relief against a bill of sale to certain personal property executed by the same grantor under similar circumstances.

John M. Hughes, an aged paralytic, resident of Noble county, died on March 13, 1933, a victim of his advanced years and a progressive paralysis which antedated his death by several years. During the entire period of his disability he required constant care and assistance in the simple functions of his living routine. Upon March 1, 1933, his malady struck him finally and fatally to his bed. From this date until his death his entire left side was useless; his right hand and arm were so palsied that he could not hold a pen with the one nor guide it with the other; and his speech was so impaired that he could but mutter "yes" or "no", and frequently both, with apparent equivalence. On March 2, 1933, he lapsed into a coma from which he never rallied.

During his failing years he was cared for by his sister, Anna Batchelder, defendant below, and plaintiff in error. At his death he was survived by two sisters, who are the parties to this proceeding, and by several neices and nephews who are the children of brothers and sisters who preceded him in death.

Several years prior to his death John M. Hughes executed a will under the terms of which he divided his property equally between his two living sisters, the parties here, naming Anna Batchelder, plaintiff in error, as executrix. This will was properly proposed to the county court of Noble county, and, in due course, admitted to probate. The administration upon the estate was still incomplete at the date of the decree complained of by this appeal.

Upon the morning of March 1, 1933, a nurse was summoned to attend the testator, now deceased. She found him in a state of collapse, obviously in extremis. The evening of the same day the plaintiff in error, Anna Batchelder, sent for his lawyer, one H. A. Johnson of Perry, Okla. Upon his arrival the decedent was interrogated unsuccessfully concerning the business for which he allegedly summoned his attorney. The testimony of the nurse is unchallenged that despite repeated suggestive inquiries concerning deeds and other disposition of his property, the invalid made no statement other than an incoherent and indiscriminate mouthing of the words "yes" and "No." Notwithstanding these facts, his lawyer produced a deed to certain of the invalid's lands; a pen was placed in his nerveless fingers, and his name and mark inscribed upon the deed by his hand under the sole impulse of the nurse's hand which held and guided it. The signature by mark was witnessed. No evidence was offered of an acknowledgment. The following morning the same lawyer reappeared and the same witnesses were summoned to observe the simi-

lar execution of a bill of sale to the invalid's personal property. Both witnesses to the signature testified that the invalid was physically incapable of writing his name and of making his mark. Both such witnesses agree that he was incapable of comprehending the effect and purport of his act. The record is clear that the invalid gave no express or implied direction to the nurse to lift his hand and inscribe his name. That direction was given by the grantee of the instruments. Both instruments name Anna Batchelder, the sister in whose care the invalid reposed confidence, as grantee. Under these instruments the plaintiff in error claims title. Against these instruments defendant in error seeks relief.

The action was commenced in the district court of Noble county. The petition of defendant in error charged lack of capacity upon the part of the grantor, undue influence upon the part of the grantee, and prays cancellation of the conveying instruments. The answer of the plaintiff in error pleads the general issue, and asserts as an affirmative defense that the conveyances were given in performance of an oral agreement between herself and decedent whereby she agreed to leave her all of his property in consideration of her services in caring for him. The petition in error likewise challenges the jurisdiction of the court, the propriety of the remedy invoked, and urges a defect of parties.

Plaintiff in error urges that the petition discloses a defect of parties, and suggests that the decedent was survived by several persons, his heirs at law, who, though excluded from his will, are necessary parties to this action. It is contended that such excluded heirs at law are seized of such an interest in the decedent's property as to require their formal identity with this proceeding and the disposition thereof. This contention is not well founded in law. To the contrary the record discloses the plaintiff and defendant to be the sole beneficiaries of the will of the decedent; it discloses his death; it discloses the appointment of defendant as his executrix; and the admittance of the will to probate. The will became operative to pass title to its beneficiaries upon the date of its admittance. It likewise became operative to exclude omitted heirs at law upon the same date. If any defect in parties may be said to exist, it is in the failure to name the plaintiff in error a defendant in her capacity as executrix of the will, alleging futility of demand for joinder as plaintiff. This latter deficiency is not complained of upon the appeal and will be disregarded as unsubstantial. In any event the trial court made apt provision in its decree to protect the rights of the decedent's personal representative.

The jurisdiction of the trial court of the subject-matter of the action is challenged. The brief of plaintiff in error urges that this action attempts to adjudge the descent of the decedent's property and that so long as the administration of the decedent's estate remains open in the county court, the jurisdiction of that court is exclusive as to all matters relating to his estate or property. Both of these contentions are patently untenable. The subject of this action is the validity of a transaction inter vivos. The relief prayed for is the cancellation of an attempted conveyance under seal. An apparently nontestamentary writing is attacked herein for deficiencies not apparent upon its face, and which relate, not to the sufficiency of the legal vehicle employed, but to underlying equitable considerations which preceded and dictated its employment. The case is of unquestionable equitable cognizance. Further, it may be observed that the exercise of jurisdiction in this cause by the district court in no wise interferes with the jurisdiction of the county court in the matter of descent of the decedent's property. The descent of the decedent's property is not affected by the decree in this cause. The force of the decree is simply to nullify and vacate certain instruments of conveyance, and by restraint of their grantee to insure the descent of property under the valid dictates of the county court. No function of probate jurisdiction has been impaired by this decree. The descent of the property and the full administration of the decedent's affairs under supervision of the county court not only follows, but is contemplated as a direct consequence of this proceeding. The identity of the action, though brought by an inheritor, is the same as if commenced by the decedent in his lifetime, and the decree simply relieves his successors in title, as they may be adjudged, from a legal burden which offends sovereign conscience.

Finally the plaintiff in error attacks the sufficiency of the evidence to support the decree. This challenge merits little discussion. A reading of this record is convincing beyond any shadow of uncertainty that at the time of the execution of the two conveyances in controversy the grantor was incapable of

performance of any act of which legal competency is an essential. The proof of the fraud charged in this cause is more than clear and convincing. The conclusion of fraud upon the part of plaintiff in error, and those associated in the procurement of the conveyances in question, is inescapable.

The attention of the chancellor will ever be quickened and his searching scrutiny should ever be directed to transactions in which occur the coincident circumstances of a deathbed conveyance to a proximate heir in exclusion of those whom he declared, in the day of his health, to be the object of his testamentary intention.

Plaintiff in error pleads as a defense to this cause an alleged oral agreement under the terms of which the decedent promised to convey all of his property to her in return for her services in caring for him during his declining years. It is sufficient to point out that even if the existence of such a contract is assumed, the same would constitute no defense to this action. If the grantor lacked capacity to execute the conveyances of which complaint is made, he was without power to dispose of his property to any end. The deed of an incompetent is no deed, notwithstanding the justness of his purpose.

We conclude that the defendant in error was competent to maintain this action, that the district court of Noble county had jurisdiction of the parties and the subject-matter of the action, and that its decree was fully supported by the law and the evidence.

The decree will be affirmed.

The Supreme Court acknowledges the aid of Attorneys R. B. McDermott, Charles A. Holden, and Booth Kellough in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. McDermott and approved by Mr. Holden and Mr. Kellough, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, V. C. J., and RILEY, BUSBY, PHELPS and GIBSON, JJ., concur.