TALIAFERRO et al. v. REIRDON et al.

*99 P. 2d 522.*

No. 29024.   Jan. 16, 1940.

Rehearing Denied Feb. 27, 1940.

Geo. E. Rider, of Madill, and Busby, Harrell & Trice, of Ada, for plaintiffs in error.

Don Welch, of Madill, for defendants in error.

HURST, J. This action was brought by plaintiffs, Lorene Reirdon and Mary Byrd French, against G. W. Taliaferro and B. N. Taliaferro, individually and as executors of the will and trustees of the estate of D. B. Taliaferro, deceased, and Madill National Bank, to cancel the transfer of 15 shares of stock of the defendant bank by the executors to G. W. Taliaferro, and reinvest title thereto in the estate, to enjoin the further transfer of such stock by G. W. Taliaferro, and to restrain the defendant bank from paying dividends thereon to G. W. Taliaferro, and for a receiver to take charge of such stock. The trial court rendered judgment canceling the stock and ordering the bank to issue a new certificate to the executors. Defendants appeal.

The facts are undisputed. The bank stock was the property of the estate. The plaintiffs and the defendants, G. W. Taliaferro and B. N. Taliaferro, were the beneficiaries under the will. The estate was in process of administration in the county court of Marshall county, where a final report by the executors was being contested by the plaintiffs. In the final report the stock was not shown as an asset of the estate, and an exception to the account because of the failure to list it as an asset was filed by plaintiffs. Then, for the first time, the facts concerning its transfer were disclosed, and plaintiffs' demand that it be transferred to the estate was refused. Both in the county court and in this case the executors admitted the transfer of the stock, that such transfer was without consideration and without authority from the county court, and the defendant G. W. Taliaferro claimed to hold the stock in trust for the estate. The asserted reason for the transfer was to enable G. W. Taliaferro to act as director of the defendant bank. The county court refused to order the return of the stock to the executors, and continued the hearing on the final report for an indefinite period. Plaintiffs brought a mandamus action in this court to compel the county court to proceed with the distribution of the estate (State ex rel. Reirdon v. County Court of Marshall County, 1938, 183 Okla. 274, 81 P. 2d 488), and while that proceeding was pending commenced this action.

1. The sole question presented is one of jurisdiction, the point of conflict being the adequacy of plaintiffs' remedy in the county court. The jurisdiction of the county court over the executors is unquestioned, but plaintiffs contend that at previous hearings in the county court the executors had exhibited such unwillingness to return the stock to the estate that removal proceedings would be required, and that in the event they were removed a suit would then have to be brought by their successor against the bank and G. W. Taliaferro individually to accomplish the desired result, and that therefore the remedy would not be speedy and adequate, but would involve a multiplicity of proceedings which would be long extended and expensive. They rely chiefly on In re Kelly's Estate (1928) 132 Okla. 21, 269 P. 282, which holds that the county court may not adjudicate title to personal property as between the estate and an executor claiming title to such property.

Defendants assert that G. W. Taliaferro does not claim title to the stock, but expressly admits that he holds it in trust for the estate, and that therefore the rule announced in Re Kelly's Estate is inapplicable, and that the county court of Marshall county is clothed with full power and authority to grant to plaintiffs all necessary relief, and in support of such assertion they call attention to In re Wagner's Estate (1936) 178 Okla. 384, 62 P. 2d 1186, in which this court held that an administrator claiming title to property belonging to the estate could be suspended or removed and a successor appointed to take such action as might be required to determine the ownership of the property. Defendants also cite King v. Hepburn, District Judge (1926)

121 Okla. 275, 249 P. 924, and other cases holding that the original jurisdiction of the county courts of this state, as to probate matters, is exclusive. Defendants argue that if the jurisdiction of the district court in this case be upheld, such decision will enable a dissatisfied heir or devisee to invoke the original jurisdiction of the district courts in every dispute between such heir or devisee and the administrator or executor over items in any account, and thus practically nullify the probate jurisdiction of the county court.

That the original probate jurisdiction of county courts of this state is exclusive is settled beyond question. King v. Hepburn, supra; Dillard v. Franklin (1936) 177 Okla. 34, 57 P. 2d 629. But their probate jurisdiction does not extend to or embrace controversies between executors and third persons, except to the extent authorized by sections 1219, 1220, 1221, 1222, O. S. 1931, 58 Okla. St. Ann. secs. 292, 293, 294, 295, and such sections do not confer authority to adjudicate title to property, or to compel its return. In re Cline's Estate (1934) 169 Okla. 565, 38 P. 2d 30; Farmers Bank & Trust Co. v. Sheffler (1919) 78 Okla. 44, 186 P. 479. It is therefore apparent that to reinvest the legal title to the stock in the estate plaintiffs would be required to first remove the executors, then procure the appointment of an administrator with the will annexed, and then cause an action to be brought to recover the stock, admittedly the property of the estate. It must be borne in mind that the stock was not held by G. W. Taliaferro either as executor or devisee, and that before its revesting in the estate would be complete the proper or necessary transfers must be reflected on the records of the defendant bank, over which the county court could exercise no control. During the time these proceedings were pending, the wrongful use and possession of the stock by G. W. Taliaferro would continue, and he might further complicate its return by transferring it to others.

2. Can it be said, in such a situation, that the county court, in the probate cause, had jurisdiction to grant adequate relief to plaintiffs? We think not. Inadequacy of legal remedy may be disclosed by the fact that, in its nature, it is not fitted or adapted to the accomplishment of the desired purpose. 19 Am. Jur. 115. Inadequacy exists where the case demands preventive relief, as for instance, the prevention of a multiplicity of suits or the prevention of serious or irreparable injury. 10 R.C.L. 277; Minnetonka Oil Co. v. Cleveland Vitrified Brick Co. (1910) 27 Okla. 180, 111 P. 326. In this case the exercise of equitable jurisdiction was essential to full relief, and the fact that the cause arose out of probate proceedings, or involved phases thereof, would not bar its interposition. Cook v. Warner (1914) 41 Okla. 781, 140 P. 424. In Bancroft's Probate Practice, vol. 1, sec. 19, the author says:

"* * * It has been held that where there are peculiar circumstances of embarrassment in administration, and assumption of jurisdiction by a court of equity would prevent great delay, expense, inconvenience, and waste, and thus conclude by one action and decree a protracted and vexatious litigation, such assumption of jurisdiction is sustainable."

We conclude that the district court did not err in holding that it was vested with jurisdiction to hear and determine the cause, and its judgment was amply sustained by the evidence.

Affirmed.

BAYLESS, C. J., and RILEY, GIBSON, and DANNER, JJ., concur.