## MASHUNKASHEY v. UNITED STATES et al.

### No. 2554.

Circuit Court of Appeals, Tenth Circuit.

Oct. 16, 1942.

Rehearing Denied Dec. 9, 1942.

Writ of Certiorari Denied Feb. 15, 1943.

N. E. McNeill, of Tulsa, Okl. (S. R. Lewis, of Tulsa, Okl., on the brief), for appellant.

Dwight D. Doty, of Washington, D. C. (Norman M. Littell, Asst. Atty. Gen., Whitfield Y. Mauzy, U. S. Atty., of Tulsa, Okl., and Vernon L. Wilkinson, of Washington, D. C., on the brief), for appellee the United States.

Ralph A. Barney, of Pawhuska, Okl., for Interveners, Appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

The defendant below, herein called the appellant, has appealed from a declaratory judgment rendered by the United States District Court for the Northern District of Oklahoma. The jurisdiction of the federal court was invoked under 28 U.S.C.A. § 41 and 28 U.S.C.A. § 400.

Charles Mashunkashey, a full-blood, restricted Osage Indian, died June 10, 1934, without issue, survived by his wife, the appellant; Ben Mashunkashey, a half-brother; his maternal grandmother; and James G. Blaine,[1] who was no blood relation to the deceased. All of them, with the exception of appellant are full-blood, restricted Indians. Appellant is not of Indian blood.

He left a will in which he bequeathed all his property, save a small bequest to his half-brother, to appellant. The will was disapproved by the Secretary of the Interior. Appellant then employed Inghram D. Hook, an attorney, to represent her in connection with a contest over the will. Negotiations were carried on by the attorney with the restricted Indians, resulting in an agreement in which appellant agreed to accept $15,000 in full settlement of all

---

[1] James G. Blaine is claiming a portion of the estate which the deceased received from his father.

claims against the estate. The settlement and release[2] effectuating the same were approved by the Assistant Secretary of the Interior April 12, 1938. Thereafter application was made for the administration of the estate in the County Court of Tulsa County, Oklahoma. Hook thereupon filed the release and requested an order of the Probate Court directing the payment of the $15,000 to him and appellant. The order was entered, and upon authorization from the Assistant Secretary of the Interior, the money was paid. Appellant and Hook endorsed the check and received the money.

Thereafter appellant intervened in the probate proceedings by a different attorney and claimed to be an heir of decedent by virtue of being his wife, and laid claim to most of the estate. The restricted Indians filed their answers setting up the release, and resisted her claim. The County Court held that it had no jurisdiction to construe the release, but entered judgment declaring appellant to be an heir. On appeal, the District Court indicated that it doubted its jurisdiction to construe the release.[3] Thereupon, this action was instituted by the government on behalf of the Indians, seeking a declaratory judgment of the federal distict court interpreting the release to the effect that appellant had relinquished any claim she might have had to the estate and was not entitled to any interest therein. The appeal is from a judgment sustaining the contention of the government.

■■ Appellant challenges the right of the government to maintain this action. It is true, as asserted by appellant, that the declaratory judgment act creates no new rights. The right of the government to

[2] "Whereas, Ben Mashunkashey, Pah-pu-son-tsa, and James G. Blaine, Jr. have indicated to Margaret Mashunkashey their willingness to settle the claim of Margaret Mashunkashey, widow of Charles Mashunkashey, if she will accept $15,000 for any and all claims which she may have by reason of being the widow of Charles Mashunkashey, or for any other reason of cause whatsoever, and further conditioned that she will not make any claim as the widow of Charles Mashunkashey to administer his estate as general administratrix or to nominate the general administrator;

"Whereas, Margaret Mashunkashey is willing to accept said $15,000 on said terms and conditions;

"Now, Therefore, Margaret Mashunkashey hereby releases, discharges and acquits the estate of the said Charles Mashunkashey from any and all claims which she may have against said estate by reason of being the widow of Charles Mashunkashey, or for any other reason or cause whatsoever, and she relinquishes and releases any claim she may have to be the general administratrix or to name or designate the general administrator of said estate for and in consideration of the payment of the said $15,000.

"The said sum of $15,000 is the sole consideration for this release and it is intended thereby to release any claim of any kind or character which she may have against said estate.

"The written authority of the said Inghram D. Hook attorney of Margaret Mashunkashey, to execute this release for and on behalf of Margaret Mashunkashey is attached hereto and made a part hereof.

"Dated this 31st day of March, 1938.

"Margaret Mashunkashey,
"By Inghram D. Hook, Attorney for Margaret Mashunkashey.

"The undersigned and their attorneys hereby signify, in writing, their acceptance hereof as they have indicated heretofore to the Department of the Interior and hereby agree that the payment of said sum shall be made out of the estate of Charles Mashunkashey.

"Accepted this 4th day of April, 1938.

"Ben Mashunkashey,
"A. B. Campbell, Attorney for Ben Mashunkashey,

"Witnesses:

"John Whitehorse, Pah-pu-son-tsa Her
"Pawhuska, Okla- (Thumb Print) Mark
homa. J. L. Arrington, At-
"Mrs. Lottie War- torney for Pah-pu-
rior, son-tsa,
"Pawhuska, Okla- A. G. Williams, Gdn.
noma. James G. Blaine, Jr.,
"R. A. Barney, Attorney
for James G. Blaine, Jr.

"United States Department of the Interior, Office of the Secretary, Washington.

"The foregoing agreement is approved this 12th day of April, 1938.

"Oscar L. Chapman, Assistant Secretary."

[3] Since the institution of this case, the District Court has rendered a judgment holding it had no jurisdiction to construe the release, but determining that appellant herein was not of Indian blood and therefore was not an heir. Appellant thereafter appealed to the Supreme Court of Oklahoma, where the case is now pending for decision. Mashunkashey v. Mashunkashey, ——, P.2d ——.[1]

[1] Not released by court at date of publication.

maintain this action must be found in the general law. The government brought this action in its own right and in its capacity as guardian of the restricted Indians. As guardian of such Indians, the government stands charged with all the obligations attending such a relationship. It not only has the power to institute actions to preserve the rights of its wards, Heckman v. United States, 224 U.S. 413, 32 S.Ct. 424, 56 L. Ed. 820; United States v. Minnesota, 270 U.S. 181, 46 S.Ct. 298, 70 L.Ed. 539; McCarty v. Hollis, 10 Cir., 120 F.2d 540, but it is its duty to do so when those rights are threatened.

■ It is true, as asserted by appellant, that the federal government has no probate jurisdiction. But the government does not in this case in any way seek to interfere with the probate of the estate in the state court. However, in the Probate Court appellant is asserting a right to the property of the estate against the wards of the government. The validity of that right depends upon the interpretation of the release which appellant executed. Both the Probate Court and the State District Court held that they had no jurisdiction to construe the release. There can be no question as to the power of the Federal District Court to determine the validity and effect of the release. Strickland v. Peters, 5 Cir., 120 F.2d 53; Eddy v. Eddy, 6 Cir., 168 F. 590.

■ It is asserted that in any event the government must fail because it has failed to assert or establish a right in itself or its wards superior to the right of appellant. Fairly interpreted, the petition asserts a claim to the property on behalf of its wards. If by the payment of the $15,000 the restricted Indians purchased a relinquishment of appellant's claim, then as to her they do have and assert a superior right, and that is sufficient for the purpose of this action. Having established their right as against her, they are then in position to assert their rights in the Probate Court.

■ It is further contended that the court erred in holding that the release effected a full and complete settlement of all of appellant's right, title and interest in and to the estate of the deceased. Appellant's position is that the release relinquished her claims against the estate and her right to be appointed administratrix of the estate, but not her interest as an heir in the property of the estate. Just what the nature of the claims was that appellant asserts she released is not clear. It is not claimed or asserted that the estate was indebted to her in any way as a creditor. Just why the government would authorize the payment of $15,000 of restricted funds belonging to its wards in release of nebulous claims and in release of a claimed right to administer the estate under a will which was void because not approved by the Secretary of the Interior, and let stand a claim she was asserting as against its wards to the corpus of the estate, is not made to appear. In our view, there is no ambiguity in the written release. The release, in language as clear as crystal, states that $15,000 was paid for the release of any and all claims which she might have by reason of being the widow of the deceased, or for any other reason or cause whatsoever, and upon the further condition that she would not make a claim to administer the estate. This is strong language. It is difficult to see how more embracive language could be used. Her right to inherit certainly is a claim she makes as the widow. While no oral testimony was necessary to support this interpretation of the release, the testimony that was adduced clearly supports this construction. The release intended by the payment of the $15,000 to eliminate her as a claimant to any part of the estate.

■ Finally, it is contended that her attorney, Inghram Hook, was not empowered by his employment to execute a release of her interest as an heir of the estate. She admits delivering a letter, dated March 22, 1938, to Hook, which she signed. The letter states:

"Mr. Inghram D. Hook, 1508 Federal Reserve Bank Bldg.,

"Kansas City, Missouri

"Dear Sir: Re: Estate of Charles Mashunkashey.

"This is to authorize you to settle my claim in and to the above entitled estate for the sum of $15,000.00.

"I also authorize you to say to the Interior Department that I will not make any claim to be general administrator.

"Sincerely yours,
"Margaret Mashunkashey."

By this letter she authorized her attorney to settle her claim *to* the estate, not a claim she might have *against* the estate. The language is too clear to be misinterpreted. It does not sustain the position taken by appellant.

Affirmed.