In the Matter of the ESTATE of Roy Alfred
FAULKNER, Deceased.

Peggy Faulkner FLOYD, Administratrix,
Appellant,

v.

Audrey FRAZIER, Appellee.

No. 44960.

Supreme Court of Oklahoma.

Dec. 19, 1972.

Earl Boyd Pierce, Ft. Gibson, R. O. Ingle, Sallisaw, for appellant.

Jones, Scoufas & Montgomery, by Harry G. Scoufas, III, Sallisaw, for appellee.

DAVISON, Vice Chief Justice:

Roy Faulkner (the deceased) died intestate on or about May 4, 1970, a resident of Sequoyah County, Oklahoma, survived by Helen Freeman, Ellen Gillam and Peggy Faulkner Floyd, his adult daughters, and Jack P. Faulkner, his adult son. On May 8, 1970, Audrey Frazier (appellee) filed a petition for letters of administration, claiming to be the wife of the deceased. On May 12, 1970, the children of the deceased filed an objection to the petition for letters upon the implied ground that Audrey Frazier was not the wife of the deceased.

Thereafter, a daughter of the deceased, Peggy Faulkner Floyd (appellant) was appointed administratrix of the estate of the deceased. The appellant's brief does not mention this appointment as related to an oral compromise between appellee and the children of the deceased, including the administratrix, but appellee's brief states that involved in the agreement was the suggested appointment of Peggy Faulkner Floyd as administratrix.

Reference is made to the compromise as an oral one because there is nothing in the

record that suggests a writing. The evidence of the agreement are the recitals in the order in settlement of claim pronounced, after hearing witnesses, by the District Court of Sequoyah County, Oklahoma on August 6, 1970, filed December 29th, 1970, In the Matter of the Estate of Roy Alfred Faulkner, deceased (PB–70–30) wherein all heirs of the deceased including appellant, Peggy Faulkner Floyd, the administratrix and her attorney, and appellee, Audrey Frazier and her attorney, were present.

This order of August 6, 1970, entered without exception or objection of the parties, constituted in every real sense the assertion of a claim by the appellee, its allowance by the administratrix and its approval by the court and at the same time constituted a settlement by a consent order.

The relevant recitals of the order are:

"That the said Audrey Frazier has a good and valid claim against the assets encompassed in the estate of Roy Alfred Faulkner as a result of the joint ventures and mutual efforts of the said Audrey Frazier and Roy Alfred Faulkner and for which she should be compensated.

That, with the approval of the court, the said parties have mutually agreed to settle the said claim of Audrey Frazier against the estate of Roy Alfred Faulkner for the agreed sum of THREE THOUSAND, TWO HUNDRED FIFTY DOLLARS ($3,250.00) and that the said Audrey Frazier, by acceptance thereof, does fully and completely release and discharge any and all further claims which she may have against said estate as an heir, or otherwise, and consents to the court's finding that she, the said Audrey Frazier, is and was never an heir of Roy Alfred Faulkner, deceased.

IT IS, THEREFORE, ORDERED, AND DECREED that the said estate of Roy Alfred Faulkner, by and through its administratrix, Peggy Faulkner Floyd, pay to the said Audrey Frazier the sum of THREE THOUSAND, TWO HUNDRED FIFTY DOLLARS ($3,250.00) as and for her full and just compensation in settlement of her claim against said estate and that the said sum be paid by said administratrix as quickly as is reasonable under the full and complete direction and further orders of this court as to the time and amounts of said payments and that until the same is paid in full, the same shall remain a lien upon the assets of the estate, all payable through the office of the Court Clerk."

Thereafter, on January 6, 1971, appellee filed her application for an order requiring the appellant administratrix to pay the claim allowed and approved by the order in settlement of claim of August 6, 1970. A hearing on the application was ordered held on January 28, 1971. On January 29, 1971, after hearing, the District Court ordered the administratrix appellant to comply with the order in settlement of claim of August 6, 1970. On February 9, 1971, the administratrix filed a motion to vacate the order of January 29, 1971. By this motion no attack was made upon the power of the District Court to make its order of August 6, 1971 that evidenced the allowance and approval of appellee's claim as part and parcel of an agreed settlement. On April 22, 1971 the District Court entered its order denying the motion to vacate wherein there was entered a recital of the procedural history of the controversy that was settled between appellant and heirs of the deceased and appellee, by the order of August 6, 1970, including a recognition that the estate was solvent, that all claims against the estate were now known, that the time to present claims had expired and that sufficient funds were on hand to warrant the commencement of payments to appellee of $150.00 per month to be followed after November 1971, with payments of $250.00 per month.

It is from the order of April 22, 1971, that an appeal is taken. No appeal was taken from the order of August 6, 1970 evidencing the allowance and approval of ap-

pellee's claim pursuant to an agreed settlement. See 58 O.S.1971, § 721, subs. 7 & 8.

■ We are concerned here with the jurisdiction of the District Court clothed with the powers of a court of general jurisdiction pursuant to Art. 7, § 7(a) of the Oklahoma Constitution. The District Court is no longer limited by the rule that in probate matters its jurisdiction is appellate only and embraces only the jurisdictional scope of a county court sitting in probate matters. In re Shailer's Estate, Okl., 266 P.2d 613. The District Court has "unlimited original jurisdiction of all justiciable matters, except as otherwise provided in this Article . . . ." (Art. 7, § 7(a). The County Court and certain other courts are abolished. Art. 7, § 7(b).

The change effected in our judicial structure by Art. 7, § 7 affords some explanation of why both appellant and appellee cite the same case in support of their opposing positions. Mashunkashey v. United States, 10 Cir., 131 F.2d 288, cert. denied 318 U.S. 764, 63 S.Ct. 665, 87 L.Ed. 1136. This case involved at the time (1934) a justiciable matter outside the appellate probate jurisdiction of an Oklahoma District Court that required a declaratory judgment action on the part of the United States to interpret a settlement similar to the one here involved.

In the cited case, Charles Mashunkashey, a full-blood Osage Indian, died June 10, 1934, survived by his wife, appellant, Ben, a half-brother, his maternal grandmother and James G. Blaine who is no relation but claims a part of the estate that the deceased received from his father. The deceased left a will bequeathing all his property to his wife, the appellant, except a small bequest to Ben, his half-brother. The will was disapproved by the Secretary of Interior.

Appellant employed Inghram D. Hook, an attorney, to represent her in connection with a contest of the will. As a result of negotiations, appellant agreed to accept $15,000.00 in full settlement of all claims against the estate and to execute a release to that effect. The settlement and release effectuating the same were approved by the Assistant Secretary of the Interior April 12, 1938. Thereafter application was made for letters of administration in the County Court of Tulsa County.

Upon filing of the release by Hook, appellant's attorney, in the County Court of Tulsa County, the County Court entered an order in the administration proceedings directing the payment of the $15,000.00. Upon authorization from the Assistant Secretary of Interior the money was paid.

Thereafter appellant intervened by a different attorney in the administration proceedings, claiming to be an heir of the deceased and as such made claim to most of the estate. The restricted Indian heirs filed their answers setting up the release as their basis for resisting the claim. The County Court held it had no jurisdiction to construe the release presumably upon the ground a determination of title to real property was involved, but entered an order declaring appellant to be an heir. On appeal, the District Court held that it had no jurisdiction to construe the release, but held the widow, not being of Indian blood, could not inherit from her full-blood Osage Indian husband. This holding, not relevant here, was affirmed on appeal. Mashunkashey v. Mashunkashey, 191 Okl. 501, 134 P.2d 976.

Accordingly, an action for declaratory judgment was filed in the U. S. District Court by the United States seeking a construction of the release. Both the District Court and the Court of Appeals held that appellant, by executing the release, relinquished her rights as an heir. That appellant intended to release her rights as an heir seemed clear.

■ Had the foregoing procedures occurred after Art. 7, § 7 became effective, the County Court would have been abolished and the District Court would be vested with "unlimited original jurisdiction of all justiciable matters" with certain exceptions that have no application here. As so constituted the District Court of Sequoyah

County had ample power to enter the orders approving the settlement it entered in this case. Accordingly, Mashunkashey v. United States, supra, read in the light of Art. 7, § 7 of the Oklahoma Constitution, is clear authority for the orders of the District Court of Sequoyah County. The declaratory judgment action in Mashunkashey would have been unnecessary.

Treating the settlement for $3,250.00 as a claim that has been allowed by the administratrix and approved by the District Court which is the necessary operation and effect of the settlement as evidenced by the order of August 6, 1970, the claim may be paid in the due course of administration, 58 O.S.1971, § 338. The orders of the District Court, taking into account the condition of the estate and its procedural status mentioned above, satisfy its classification under § 338 as an acknowledged debt to be paid in the due course of administration.

As here applied, the unlimited original jurisdiction of the District Court in all justiciable matters which includes its approval of the agreed settlement here involved and its approval of the appellee's agreed claim renders inapplicable the cases cited by appellant pertaining to the attempted waiver of administrative procedures by a personal representative and the attempt to make a contract by a personal representative that binds the estate.

█ The entry of a consent decree like the decree of August 6, 1970 has long been recognized in this jurisdiction as an appropriate procedure for the adjudication of the settlement of a justiciable controversy. The agreement of the heirs and the administratrix, all parties to this administration, to pay appellant $3250.00 in full settlement of all her claims against the Roy Alfred Faulkner estate was merged in the consent decree of August 6, 1970. On motion of the administratrix, the District Court refused to vacate its order of January 29, 1971 requiring the administratrix to satisfy the consent decree of August 6, 1970 which

was not attacked by either the heirs or the administratrix.

There is nothing in the record by way of evidence or otherwise to indicate that the District Court abused its discretion in requiring that the adjudicated claim of $3250.00 be paid as an acknowledged debt in the due course of administration.

Affirmed.

All Justices concur.