Janice **HARRIS** and June Parmenter, Plaintiffs-Appellants,

v.

Lenora **POLLOCK**, Individually and as Co-Executrix of the Estate of Lee Pollock, et al., Defendants-Appellees.

No. 72–1364.

United States Court of Appeals, Tenth Circuit.

June 11, 1973.

---

N. E. McNeill, Jr., Tulsa, Okl. (Pat Malloy, Tulsa, Okl., on the brief), for plaintiffs-appellants.

J. Duke Logan, Vinita, Okl. (Thomas R. Brett, Tulsa, Okl., on the brief), for defendants-appellees.

Before JONES,* SETH and HOLLOWAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

The issue on this appeal is whether, in view of a pending Oklahoma probate proceeding, these plaintiffs as heirs can maintain a diversity suit against co-executors and a bank for equitable relief and a determination of ownership of personalty which one co-executrix claims as her separate property, and which the plaintiffs claim should be made a part of the decedent's estate. The federal court dismissed on the ground that the state court had earlier acquired jurisdiction of the parties and subject matter and that the federal court should yield to the state court. The plaintiffs appeal, saying that federal diversity jurisdiction was properly invoked because the probate court may not determine title.

The federal district court had before it an amended complaint and a motion to dismiss, together with an affidavit, the petition for probate of the will, and the will itself. We· feel that the record shows in substance that the ruling of the district court was arrived at by procedure similar to a summary judgment upon consideration of the affidavit and

* Of the Fifth Circuit, sitting by designation.

exhibits as well as the pleading. See Rule 12(b) F.R.Civ.P. We therefore will outline the pleadings and the additional instruments.

The amended complaint alleged essentially these facts. Plaintiffs Harris and Parmenter are Texas citizens and daughters and heirs of Lee Pollock who died in 1970 at Vinita, Oklahoma. His widow, Lenora Pollock, is an Oklahoma citizen and is a co-executrix of his estate. She is sued individually and in her capacity as a fiduciary.

The First National Bank and Trust Company of Vinita (the Vinita bank) is also a co-executor named in Lee Pollock's will. The National Bank of Mc-Alester (the McAlester bank) and the Vinita bank are alleged to have on deposit or under their possession and control money and other property valued at over $150,000, which plaintiffs claim belong to Pollock's estate. Plaintiffs aver that Lenora Pollock has in her possession or control certificates of deposit, deposit slips and books and other evidence of purported ownership of such property on deposit with the banks. And they allege that she is claiming ownership to all such property when, in truth and fact, it belongs to the estate.

The plaintiffs aver further that they have a legal interest in the assets held by the banks and that unless enjoined, the banks will deliver these assets of the estate to Lenora Pollock. Also the plaintiffs allege that before letters of administration were issued, Lenora Pollock embezzled or alienated monies on certificates of deposit in the banks to the detriment of the estate. The plaintiffs ask that the banks be enjoined from any transfer of funds on certificates of deposit in the name of Lenora or Lee Pollock, pending outcome of the suit; that they cancel the transfer of the certificates of deposit from tenancy in common to joint tenancy; and that Lenora Pollock as co-executrix be directed to take the funds belonging to Lee Pollock and place them in the estate.

Defendants Lenora Pollock and the Vinita bank moved to dismiss. Among other things they alleged that the federal court lacked jurisdiction; that a previously commenced probate proceeding in the district court of Craig County involves the same issues and parties; and that the federal court action would interfere with the probate court's jurisdiction.

The district court stated the reasons for its ruling briefly in an order of dismissal. The order says that the court reviewed the findings and recommendations of the magistrate and the court file and concluded that the magistrate's recommendation should be approved.[1] The order provides that the motion to dismiss is sustained ". . . because the District Court of Craig County, State of Oklahoma, previously acquired jurisdiction of the parties and the subject matter herein and this Court should yield to the State court having first acquired jurisdiction."

■ We cannot agree with the views of the district court. The disputed property is not shown to be in the possession or control of the state probate court and instead is alleged to be held by Lenora Pollock individually under claim of separate ownership by her. Thus there is no possession or control by the state court and no *in rem* proceeding there requiring the federal court to yield. See Markham v. Allen, 326 U.S. 490, 494–495, 66 S.Ct. 296, 90 L.Ed. 256;

1. The findings and recommendations of the magistrate rejected an objection of lack of an indispensable party. The reasons for the recommendation of dismissal were stated in the magistrate's report as follows:

"(1) The motion to dismiss because the District Court of Craig County of the State of Oklahoma before the filing of this action herein acquired jurisdiction over the subject matter and the parties is supported by the facts and pertinent documents so this Court should not assume jurisdiction of this case but should yield to the State court previously acquiring jurisdiction."

Princess Lida v. Thompson, 305 U.S. 456, 466, 59 S.Ct. 275, 83 L.Ed. 285; Miller v. Miller, 423 F.2d 145, 147 (10th Cir.). The relief sought in the federal court would not interfere with jurisdiction of the probate court. Markham v. Allen, supra, 326 U.S. at 495, 66 S.Ct. 296; Batchelder v. Knecttle, 177 Okl. 327, 58 P.2d 873, 875. Moreover we do not have the narrowly limited special circumstances in which a federal court may abstain from exercising jurisdiction. See Zwickler v. Koota, 389 U.S. 241, 248, 88 S.Ct. 391, 19 L.Ed.2d 444; Meredith v. Winter Haven, 320 U.S. 228, 234, 67 S.Ct. 7, 88 L.Ed. 9. "When federal jurisdiction is properly invoked, it is ordinarily the duty of the federal court to determine the merits of the controversy. Allegheny County v. Frank Mashuda Co., 360 U.S. 185, 188–189, 79 S.Ct. 1060, 3 L.Ed.2d 1163 . . .." Miller v. Miller, supra, 423 F.2d at 148.

We are satisfied that the complaint states a claim properly within the equity jurisdiction of the federal diversity court. In Taliaferro v. Reirdon, 186 Okl. 603, 99 P.2d 522, the Oklahoma Supreme Court upheld an exercise of equitable jurisdiction by a state district court in similar circumstances, despite the pendency of probate proceedings. There two beneficiaries under a will sued a bank and two executors, individually and in their fiduciary capacities, for cancellation of transfer of shares of stock and other equitable relief. The court said that: "[t]he sole question presented is one of jurisdiction, the point of conflict being the adequacy of plaintiffs' remedy in the County Court." Id. at 524.

The court referred to limitations on probate jurisdiction of the county court. It also pointed out that if the heirs proceeded in the probate court, in view of the unwillingness of the fiduciaries to return the property it would be necessary to have removal proceedings against the executors, appointment of successors, and then a suit by the new fiduciaries to recover the property.[2] The remedies at law by probate and other proceedings were held inadequate and equity jurisdiction was sustained. The court stated, 99 P.2d at 524:

* * * "Inadequacy exists where the case demands preventive relief, as for instance, the prevention of a multiplicity of suits or the prevention of serious or irreparable injury. [. . .] In this case the exercise of equitable jurisdiction was essential to full relief, and the fact that the cause arose out of probate proceedings, or involved phases thereof, would not bar its interposition. [citations omitted]."

Accord, Batchelder v. Knecttle, supra.

The complaint before us alleges similar circumstances: the holding of certificates of deposit and other purported evidence of ownership of property; that the co-executrix is claiming and will continue to claim such property as her own; the possession and control of such property by the banks, the McAlester bank not being a co-executor; a claim that the banks will deliver the assets to Mrs. Pollock unless restrained; and an earlier alienation of monies on certificates of deposit by Mrs. Pollock. The complaint also prays for cancellation of transfer of certificates from tenancy in common to joint tenancy.

■ We are admonished that the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80. Viewed in this light we are persuaded that the complaint should not have been dismissed. The plaintiffs were entitled to an opportunity to prove facts under the complaint calling for the exercise of equitable jurisdiction recognized in Oklahoma.

■ The federal district court in the diversity suit may not, of course, ex-

2. See, e. g., In re Fullerton's Estate, 375 P.2d 933, 943 (Okl.); Gentry v. Mitchell, 207 Okl. 488, 250 P.2d 856, 857.

ercise probate jurisdiction such as by removing an administrator. See Markham v. Allen, supra, 326 U.S. at 494–495, 66 S.Ct. at 298; Porter v. Bennison, 180 F.2d 523, 527 (10th Cir.); and see Blue v. Murray, 260 P.2d 1069 (Okl.). However, the federal court may grant equitable relief that may be justified in accord with principles recognized by the state law. See Bancroft's Probate Practice (2d ed.) § 18 at 42. Where the state district courts would have power to hear a suit under their general grant of equity jurisdiction, a federal court in the state has jurisdiction of a like suit, if diversity requisites are met. See Simler v. Wilson, 210 F.2d 99, 102 (10th Cir.), cert. denied, 347 U.S. 954, 74 S.Ct. 681, 98 L.Ed. 1099; Barnhart v. Hickman, 435 F.2d 913, 915 (10th Cir.).

We have considered the amendments in 1967 and 1968 to Article 7 of the Oklahoma Constitution and 20 O.S.A. § 91.1 et seq., respectively, and the recent case of In re Estate of Faulkner, 504 P.2d 875 (Okl.). The jurisdiction of the Oklahoma district court has been fundamentally expanded and does now include a probate docket. However we find no indication that the revisions would make it possible to avoid proceedings that may be necessary to remove an executor unwilling to include property in the estate assets.[3] And we see in the revisions no bar to an equity suit for effective and complete relief in such a controversy involving the difficulties alleged here and a third party such as the McAlester bank. Thus notwithstanding the district court's probate jurisdiction under the new provisions, if a plaintiff's proof is sufficient he might establish inadequacy of the remedies at law and a proper basis for equitable relief in a case like this.

In view of all the allegations made we are satisfied that the complaint should not have been dismissed. We feel instead that the plaintiffs should be afforded an opportunity to make a case for equitable relief if they can. The federal court should proceed to hear the case which plaintiffs were given the right by Congress to bring in federal court where the diversity requirements are met. Meredith v. Winter Haven, supra; Miller v. Miller, supra, 423 F.2d at 148.

Accordingly the judgment is reversed and the cause is remanded for further proceedings.

---

3. See Taliaferro v. Reirdon, supra at 524; Gentry v. Mitchell, 207 Okl. 488, 250 P.2d 856, 857, and 58 O.S.A. §§ 541–546, which retain provisions for proceedings to remove a fiduciary.